UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY SMITH,<br><br>    Plaintiff,<br><br>    v.<br><br>J. GONZALES, et al.,<br><br>    Defendants. | 1:17-cv-00436-DAD-GSA (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Document # 42) |

On July 11, 2019, plaintiff filed a motion seeking the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, Plaintiff argues that he is unable to afford counsel, his ability to litigate is limited by his imprisonment, and a trial in this case will likely involve conflicting testimony. These conditions do not make Plaintiff's case exceptional. At this stage of the proceedings, the court cannot find that Plaintiff is likely to succeed on the merits. While the court has found that "Plaintiff states cognizable claims against defendants Sgt. Gonzales, C/O Johnson, C/O Castro, C/O Miner, C/O Florez, and C/O Potzernitz for use of excessive force under the Eighth Amendment," "Plaintiff states cognizable claims against C/Os Fritz and Scaife for failure to intercede and protect him, in violation of the Eighth Amendment," and "Plaintiff states a cognizable claim for retaliation against defendant Sgt. Gonzales," these findings are not a determination that Plaintiff is likely to succeed on the merits. (ECF No. 16 at 13:24-26, 15:7-8, 22:6-7.) The legal issues in this case are not complex, and based on a review of the record in this case, the court finds that plaintiff can adequately articulate his claims. Thus, the court does not find the required exceptional circumstances, and Plaintiff's motion shall be denied without prejudice to renewal of the motion at a later stage of the proceedings.

For the foregoing reasons, plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated: __July 18, 2019__          __/s/ Gary S. Austin__
                                                             UNITED STATES MAGISTRATE JUDGE