UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY SMITH, | 1:17-cv-00436-DAD-GSA-PC |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION TO STRIKE** |
| vs. | **(ECF No. 48.)** |
| SGT. J. GONZALES, et al., | **ORDER STRIKING PLAINTIFF'S SURREPLY** |
| Defendants. | **(ECF No. 47.)** |

**I.  BACKGROUND**

Larry Smith ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  This case now proceeds with Plaintiff's First Amended Complaint filed on June 23, 2017, against defendants Sergeant Gonzales, Correctional Officer (C/O) Johnson, C/O Castro, C/O Miner, C/O Florez, and C/O Potzernitz for use of excessive force in violation of the Eighth Amendment; against defendants C/O Fritz and C/O Scaife for failure to protect Plaintiff in violation of the Eighth Amendment; and, against defendant Sergeant Gonzales for retaliation in violation of the First Amendment.[1]  (ECF No. 12.)

---

[1] The court issued an order dismissing all other claims and defendants from this case on April 19, 2018, for failure to state a claim.  (ECF No. 19.)

On April 30, 2019, Defendants filed a motion for summary judgment. (ECF No. 36.) After being granted an extension of time, Plaintiff filed an opposition to the motion on July 1, 2019. (ECF No. 39.) After being granted an extension of time, Defendants filed a reply to the opposition on July 19, 2019. (ECF No. 44.) On August 5, 2019, Plaintiff filed a declaration in opposition to Defendants' reply. (ECF No. 47.) On August 12, 2019, Defendants filed a motion to strike Plaintiff's declaration as an impermissible surreply. (ECF No. 48.)

Defendants' motion to strike is now before the court.

## II. SURREPLY

A surreply, or sur-reply, is an additional reply to a motion filed after the motion has already been fully briefed. USLegal.com, https://definitions.uslegal.com/s/sur-reply/ (last visited August 13, 2019). The Local Rules provide for a motion, an opposition, and a reply. Neither the Local Rules nor the Federal Rules provide the right to file a surreply. A district court may allow a surreply to be filed, but only "where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." Hill v. England, 2005 WL 3031136, *1 (E.D.Cal. Nov. 8, 2005).

Plaintiff's declaration is a second opposition to Defendants' motion for summary judgment. (ECF No. 47.) The second opposition is a surreply because it was filed on August 5, 2019, after Defendants' motion for summary judgment was fully briefed. The motion for summary judgment was fully briefed and submitted on the record under Local Rule 230(*l*) on July 19, 2019, when Defendant filed a reply to Plaintiff's first opposition. (ECF No. 44.) In this case, the court neither requested a surreply nor granted a request on the behalf of Plaintiff to file a surreply. Plaintiff has not shown good cause for the court to allow him to file a surreply at this juncture. Therefore, Plaintiff's surreply shall be stricken from the record.[2]

///

///

---

[2] "A document which is 'stricken' will not be considered by the Court for any purpose." (Informational Order, ECF No. 3 at 2 ¶II.A.)

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's surreply, filed on August 5, 2019, is STRICKEN from the court's record.

IT IS SO ORDERED.

Dated: **August 13, 2019**      /s/ Gary S. Austin
UNITED STATES MAGISTRATE JUDGE