UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY SMITH,<br><br>        Plaintiff,<br><br>vs.<br><br>SGT. J. GONZALES, et al.,<br><br>        Defendants. | 1:17-cv-00436-DAD-GSA-PC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO MODIFY SCHEDULING ORDER**<br>**(ECF No. 45.)**<br><br>**ORDER STAYING DEADLINES FOR DISCOVERY AND FOR FILING DISPOSITIVE MOTIONS, PENDING RESOLUTION OF DEFENDANTS' EXHAUSTION MOTION**<br>**(ECF No. 33.)**<br><br>**<u>DEADLINES STAYED</u>:**<br><br>    **<u>Discovery Deadline</u>**<br><br>    **<u>Dispositive Motions Deadline</u>** |

**I.    BACKGROUND**

    Larry Smith ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds with Plaintiff's First Amended Complaint filed on June 23, 2017, against defendants Sergeant Gonzales, Correctional Officer (C/O) Johnson, C/O Castro, C/O Miner, C/O Florez, and C/O Potzernitz for use of excessive force in violation of the Eighth Amendment; against defendants C/O Fritz and

C/O Scaife for failure to protect Plaintiff in violation of the Eighth Amendment; and against defendant Sergeant Gonzales for retaliation in violation of the First Amendment.[1]  (ECF No. 12.)

On February 4, 2019, the court issued a Discovery and Scheduling Order establishing pretrial deadlines for the parties, including a deadline of August 4, 2019, for the parties to complete discovery, including the filing of motions to compel, and a deadline of October 4, 2019, for the filing of pretrial dispositive motions.  (ECF No. 33.)

On July 19, 2019, Defendants filed a motion to modify the Discovery and Scheduling Order. (ECF No. 45.)  On August 5, 2019, Plaintiff filed an opposition to the motion.  (ECF No. 46.)  On August 12, 2019, Defendants filed a reply to the opposition.  (ECF No. 49.)

Defendants' motion to modify the Discovery and Scheduling Order is now before the court.  Local Rule 230(*l*).

## II.     MOTION TO MODIFY SCHEDULING ORDER

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order.  Id.  The Court may also consider the prejudice to the party opposing the modification.  Id.  If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the Court should not grant the motion to modify.  Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002).

### A.     **Defendants' Motion**

Defendants move to vacate and reschedule the deadlines to complete discovery and to file dispositive motions in this case. On April 30, 2019, Defendants filed a motion for summary judgment for failure to exhaust which is now pending and if granted, this case will be dismissed. If the motion is not granted, Defendants anticipate conducting discovery and filing a merits-based motion for summary judgment.  Defense counsel declares that he has been diligent in defending

---

[1] The court issued an order dismissing all other claims and defendants from this case on April 19, 2018, for failure to state a claim.  (ECF No. 19.)

this action, filing an answer for Defendants on February 1, 2019, and thereafter preparing a motion for summary judgment on the ground of failure to exhaust administrative remedies, which was filed on April 30, 2019. (Matheson Decl., ECF No. 45-1 at 4 ¶ 2.) Because the Magistrate Judge's findings and recommendations have not yet issued, Defendants expect their exhaustion motion will not be decided until after the time to complete discovery has passed. Further, since the court's ruling on the exhaustion motion may dispose of the case, Defendants request the court to vacate the discovery and dispositive motions deadlines to be re-set if necessary after the court's final ruling on the exhaustion summary judgment motion. Defendants contend that Plaintiff will not be prejudiced by the brief extension.

### B. **Plaintiff's Opposition**

In opposition, Plaintiff argues that the parties had adequate notice of the discovery and dispositive motions deadlines and therefore the deadlines should not be extended. Plaintiff argues that defense counsel is wasting the court's time and stalling, and that defense counsel tends to stretch the truth.

### C. **Defendants' Reply**

Defendants argue that they have been diligent in the litigation of this case, meeting the early initial deadline to file their exhaustion summary motion on April 30, 2019. While delays occurred because both parties requested and were granted extensions of time to respond to the pleadings, Defendants argue that they were reasonably diligent. Defendants deny wasting the court's time and stalling, and they anticipate a rather brief extension of the existing deadlines. Defendants argue there is no prejudice to Plaintiff where no trial date has been set and there have been no previous motions to modify the Discovery and Scheduling Order.

### D. **Discussion**

The court, based upon the above arguments, finds good cause to vacate the outstanding deadlines for all parties to this action and re-set the deadlines, if necessary, after the court has issued its final order on Defendants' exhaustion motion for summary judgment. .

## III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendants' motion to modify the Court's Discovery and Scheduling Order, filed on July 19, 2019, is GRANTED;
2. The deadlines for the completion of discovery and for the filing of dispositive motions are stayed, pending resolution of Defendants' exhaustion motion for summary judgment filed on April 30, 2019;
3. All other provisions of the court's February 4, 2019, Discovery and Scheduling Order remain the same; and
4. If necessary, the court shall issue a new scheduling order after final resolution of Defendants' exhaustion motion for summary judgment.

IT IS SO ORDERED.

Dated: **September 5, 2019**        **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE