UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY SMITH,<br><br>    Plaintiff,<br><br>    v.<br><br>SERGEANT J. GONZALES, Program Sergeant at CSP-Corcoran; et al.,<br><br>    Defendants. | No. 1:17-cv-00436-DAD-GSA (PC)<br><br>ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS, GRANTING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>(Doc. Nos. 36, 52) |

Plaintiff Larry Smith is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On November 15, 2019, the assigned magistrate judge issued findings and recommendations, recommending that defendants' motion for summary judgment be granted in part due to plaintiff's failure to exhaust his administrative remedies prior to filing suit with respect to all of his claims as required. (*See* Doc. Nos. 36, 52.) The findings and recommendations were served on both parties and contained notice that objections thereto were due within fourteen (14) days of the date of service. (*Id.*) On November 26, 2019, defendants filed a motion for a ten-day extension of time to file their objections, which the magistrate judge granted on December 2, 2019. (Docs. No. 53, 54.) Defendants subsequently filed their

1

objections on December 30, 2019.  (Doc. No 55.)  Plaintiff, however, has not filed any objections or any other response, and the time in which to do so has now passed.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, including defendants' objections, the undersigned will adopt in part the findings and recommendations, with one modification regarding the scope of summary judgment as to the retaliation claim against defendant Sgt. J. Gonzales.

Defendants argue in their objections that plaintiff did not state in his inmate appeal Log No. CSPC-2-13-08131 ("appeal 08131") that Sgt. Gonzales "retaliated against him by issuing him an RVR, by recommending he be transferred, or by confiscating his property" and thus did not exhaust his administrative remedies as to those specific claims.  (Doc. No. 55 at 3.)  The pending findings and recommendations do not address this concern, making no mention of any distinction between the specific manner or means of retaliation on which plaintiff now bases his cause of action for retaliation.  (Doc. No. 52 at 30.)

The Ninth Circuit has held as follows:

> Under the PLRA, a grievance "suffices if it alerts the prison to the nature of the wrong for which redress is sought." *Sapp v. Kimbrell*, 623 F.3d 813, 824 (9th Cir. 2010) (quoting *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009)).  The grievance "need not include legal terminology or legal theories," because "[t]he primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation." *Griffin*, 557 F.3d at 1120.  The grievance process is only required to "alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued." *Jones v. Bock*, 549 U.S. 199, 219 (2007) (citations omitted).

*Reyes v. Smith*, 810 F.3d 654, 659 (9th Cir. 2016).  Thus, a plaintiff must only "'complete the administrative review process in accordance with the applicable procedural rules'—rules that are defined not by the PLRA, but by the prison grievance process itself." *Jones*, 549 U.S. at 218 (2007) (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)) (noting that Michigan prison procedures did not require prisoners to specifically identify the prison officials involved in their grievances).

/////

2

The court thus turns to California's prison appeal procedures, which require each grievance to: 1) be "limited to one issue or related set of issues per each Inmate/Parolee Appeal form submitted"; 2) "describe the specific issue and action requested"; 3) "list all staff member(s) involved and [] describe their involvement in the issue" or "any other available information that would assist the appeals coordinator in making a reasonable attempt to identify the staff member(s) in question"; and 4) "state all facts known and available to him/her regarding the issue being appealed at the time of submitting" the appeal. Cal. Code Regs., tit. 15 § 3084.2(a)(1)–(4).

A review of plaintiff's inmate appeal 08131 indicates that it did not reference Sgt. Gonzales retaliating against plaintiff by issuing him an RVR or recommending that he be transferred;[1] it does, however, clearly grieve the confiscation of plaintiff's property. (Doc. No. 39 at 206, 208.) On that basis, the court concludes that plaintiff put prison officials on notice that Sgt. Gonzales allegedly retaliated against plaintiff by confiscating his property. The question then is: does plaintiff's exhaustion of inmate appeal 08131, which describes Sgt. Gonzales's alleged retaliatory confiscation of plaintiff's property, permit him to sue on other theories of retaliation that were not contained or described in any exhausted appeals?

On the one hand, it is apparent that all of plaintiff's inmate appeals regarding retaliation by Sgt. Gonzales are connected to an incident that occurred on September 24, 2013. (*See* Doc. No. 52 at 14–18.) Plaintiff's exhaustion of his inmate appeal 08131 thus appears to have put prison officials on notice that Sgt. Gonzales may be engaging in acts of retaliation against plaintiff, even if it does not specifically identify each specific act of retaliation. *See Griffin*, 557 F.3d at 1120 (noting that one of the primary purposes of a grievance is to "alert the prison to a problem"). On the other hand, California's prison grievance process treats each inmate grievance as a discrete matter that requires the inmate to describe the "issue being appealed." *See* Cal. Code Regs., tit. 15 § 3084.2(a)(1)–(4) (requiring each grievance to be "limited to one issue or related set of issues" per appeal form and "describe the specific issue and action requested"); *Gray v.*

---

[1] Those specific allegations were, in fact, set forth by plaintiff in other inmate appeals he pursued and that both parties agree did not, however, proceed to the third and final level of administrative review. (*See* Doc. No. 52 at 8, 24 n. 16.)

3

*Bennett*, No. 3:12-CV-00321-BLW, 2014 WL 295239, at *7 (D. Idaho Jan. 27, 2014), *aff'd sub nom. Gray v. Geisel*, 611 F. App'x 442 (9th Cir. 2015) (noting that Idaho's grievance policy requires each inmate appeal to contain "specific information including the nature of the complaint, dates, places, and names" and holding that "raising issues other than those specifically related to Plaintiff's current retaliation and conditions of confinement claim does not suffice to exhaust available administrative remedies under the PLRA"). Plaintiff's writing of his inmate appeal 08131 appears to follow that logic—he alleges that Sgt. Gonzales retaliated against him by confiscating his property and requests as a resolution that his confiscated property be returned to him as soon as possible. (Doc. No. 39 at 206.) This is consistent with the other primary purpose of the grievance process: to facilitate the resolution of a grievance. *See Griffin*, 557 F.3d at 1120.

To the extent that a prison's failure to resolve a retaliation claim at the first or second level of review spawns further, related acts of retaliation, an inmate should include those claims at each subsequent level of administrative review. *See Howard v. Foster*, 208 F. Supp. 3d 1152, 1158–59 (D. Nev. 2016) (allowing a claim to proceed even though it was not the initial subject of a grievance in part because the plaintiff asserted the claim "in requesting review of the denial of his initial grievance"). But to allow litigation to proceed on the basis of incidents that have not been fully considered as part of the prison administrative grievance process—even ones tangentially related to exhausted claims—would be to deny prison officials the opportunity to "address complaints about the program it administers before being subjected to suit [and] reduc[e] litigation to the extent complaints are satisfactorily resolved[.]" *Jones*, 549 U.S at 219; *see also Woodford*, 548 U.S. at 93 ("The PLRA attempts to eliminate unwarranted federal-court interference with the administration of prisons, and thus seeks to 'affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.'") (citation omitted). Thus, the undersigned concludes that plaintiff did not exhaust his administrative remedies with respect to Sgt. Gonzales's alleged attempt to retaliate against him by issuing him an RVR or recommending that he be transferred.

/////

/////

4

Accordingly:

1. The findings and recommendations filed on November 15, 2019 (Doc. No. 52) are adopted in part;
2. Defendants' motion for summary judgment (Doc. No. 36) is granted in part;
    a. Summary judgment is granted in favor of defendant Correctional Officer ("C/O") A. Fritz due to plaintiff's failure to exhaust his administrative remedies prior to filing suit;
    b. Summary judgment is granted in favor of defendant Sgt. J. Gonzales as to plaintiff's retaliation claims to the extent they are based on defendant Gonzalez's alleged issuance of an RVR to plaintiff and his alleged recommendation that plaintiff be transferred;
    c. Summary judgment is denied as to plaintiff's excessive force claims against defendants Sgt. J. Gonzales, C/O B. Johnson, C/O Florez, C/O Miner, C/O E. Castro, and C/O Potzernitz;
    d. Summary judgment is denied as to plaintiff's failure-to-protect claim against defendant C/O A. Scaife;
    e. Summary judgment is denied as to plaintiff's remaining retaliation claim against defendant Sgt. J. Gonzales;
3. Plaintiff may proceed on his excessive force claim against defendants Sgt. J. Gonzales, C/O B. Johnson, C/O Florez, C/O Miner, C/O E. Castro, and C/O Potzernitz; retaliation claim against defendant Sgt. Gonzales; and failure-to-protect claim against defendant C/O A. Scaife;
4. The Clerk of Court is directed to enter judgment in favor of defendant C/O A. Fritz and to reflect his termination from this case on the court's docket; and

/////
/////
/////
/////

5. This case is referred back to the magistrate judge for further proceedings, including issuance of a new scheduling order reopening discovery and setting out new deadlines.

IT IS SO ORDERED.

Dated: __**February 19, 2020**__      _____
UNITED STATES DISTRICT JUDGE