UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY SMITH,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>SERGEANT J. GONZALES, *Program Sergeant at CSP-Corcoran; et al.*,<br><br>　　　　　　Defendants. | No. 1:17-cv-00436-DAD-GSA (PC)<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR RECONSIDERATION<br><br>(Doc. No. 61) |

Plaintiff Larry Smith is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Before the court is plaintiff's request for reconsideration (Doc. No. 61) of the undersigned's February 19, 2020 order adopting in part (Doc. No. 57) the assigned magistrate judge's November 15, 2019 findings and recommendations (Doc. No. 52). In that order, the court granted in part defendants' motion for summary judgment (Doc. No. 36.) and dismissed certain claims and defendants from this action. (*See* Doc. No. 57.)

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may not be used to

raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation marks and citations omitted) (emphasis in original).

In the pending motion for reconsideration, plaintiff notes that Correctional Officer ("C/O") Fritz is female and asserts that C/O Fritz was present during the two incidents on September 24, 2013, that are the bases of plaintiff's first and sixth claims for excessive force and a failure to protect. (Doc. No. 61; *see* Doc. No. 12 ("FAC") at 6, 20–22.) Based on that assertion, plaintiff argues that C/O Fritz was improperly dismissed from this action. (*Id.*)

However, the magistrate judge had concluded in his findings and recommendations that plaintiff failed to allege that C/O Fritz was present during the incident that gave rise to his excessive force claim (Doc. No. 52 at 30), and that plaintiff had failed to exhaust administrative remedies as to his failure to protect claim. (Doc. No. 52 at 24 n.16, 28) The court has re-reviewed plaintiff's FAC, his inmate appeal No. CSPC-2-13-07568 (plaintiff's administrative appeal related to the claims in question in this civil action) (the "appeal"), and the parties' statements of undisputed facts and concludes that there is no basis upon which to grant reconsideration of its order.

In appealing the incident that serves as the basis of his claim of excessive force presented in this case, plaintiff alleged that "Sgt. J. Gonzales, C/O Johnson, C/O Florez, C/O Miner, C/O E. Castro, C/O Potzernitz, & one more C/O entered the holding area. . . . I squatted & coughed & was tackled by them." (Doc. No. 39, Ex. C at 156–58.) There is no mention or suggestion in plaintiff's FAC of C/O Fritz being present during that incident. (*See* FAC at 6) (describing the same incident and alleging that Sgt. J. Gonzales and C/Os Johnson, Castro, Miner, Florez, Potzernitz, and Scaife—and not C/O Fritz—came into the holding cage area to search him for contraband and that Sgt. J. Gonzales then ordered them to attack plaintiff).

Although plaintiff does reference C/O Fritz in the inmate appeal when he describes the events immediately preceding C/O Johnson's alleged use of excessive force against him (*see* Doc. No. 39, Ex. C at 156), plaintiff did not allege in his inmate appeal, and therefore could not have

2

exhausted, his current claim that C/O Fritz failed to protect him from C/O Johnson's alleged use of excessive force. (Doc. No. 52 at 30.)

Accordingly, plaintiff's motion for reconsideration (Doc. No. 61) is denied

IT IS SO ORDERED.

Dated: **March 12, 2020**

UNITED STATES DISTRICT JUDGE