UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY SMITH,<br><br>        Plaintiff,<br><br>    v.<br><br>J. GONZALES,<br><br>        Defendant. | 1:17-cv-00436-DAD-GSA (PC)<br><br>**ORDER DENYING MOTIONS FOR APPOINTMENT OF COUNSEL**<br><br>**(ECF Nos. 66 & 68.)** |

      On March 11th and 13th, 2020, Plaintiff filed motions seeking the appointment of counsel. (ECF Nos. 64, 66.) Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

1

1 | Without a reasonable method of securing and compensating counsel, the court will seek
2 | volunteer counsel only in the most serious and exceptional cases. In determining whether
3 | "exceptional circumstances exist, the district court must evaluate both the likelihood of success of
4 | the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity
5 | of the legal issues involved." Id. (internal quotation marks and citations omitted).

6 | In the present case, the court does not find the required exceptional circumstances. Plaintiff
7 | argues that he is not experienced in the law and does not fully understand the court's orders.
8 | Plaintiff also reports that he has no access to the law library, legal materials, or his own legal files,
9 | because he has been on suicide watch and is presently waiting to be referred to a higher level of
10 | mental health care. These conditions are challenging, but they do not make Plaintiff's case
11 | exceptional under the Ninth Circuit's law discussed above.

12 | At this stage of the proceedings, the court cannot find that Plaintiff is likely to succeed on
13 | the merits. While the court has found that Plaintiff states claims for use of excessive force, failure
14 | to protect him, and retaliation, these findings are not a determination that Plaintiff is likely to
15 | succeed on the merits. (ECF No. 22 at 1:26 to 2:16.) The legal issues in this case --whether
16 | defendants used excessive force against plaintiff, failed to protect him, and retaliated against him -
17 | - are not complex. Moreover, based on a review of the record in this case, the court finds that
18 | Plaintiff can adequately articulate his claims and respond to the court's orders. Thus, the court does
19 | not find the required exceptional circumstances, and Plaintiff's motion shall be denied, without
20 | prejudice to renewal of the motion at a later stage of the proceedings.

21 | Plaintiff also seeks appointment of counsel "to file an appeal [to the Ninth Circuit Court of
22 | Appeals] of the granting in part of [the] Summary Judgment motion." (ECF No. 66 at 2 ¶ 7.) This
23 | request for appointment of counsel to "file an appeal" is moot because on March 11, 2020, Plaintiff
24 | filed an appeal *pro se* to the Ninth Circuit, challenging this court's ruling on the motion for
25 | summary judgment. (ECF No. 64.)

26 | To the extent that Plaintiff seeks appointment of counsel to represent him on appeal, such a
27 | request is denied as more properly brought at the Ninth Circuit Court of Appeals.

28 | ///

For the foregoing reasons, IT IS HEREBY ORDERED that :

1. Plaintiff's motions for appointment of counsel, filed on March 11th and 13th, 2020, are DENIED; and

2. The Clerk is directed to serve this order on the Ninth Circuit Court of Appeals.

IT IS SO ORDERED.

Dated: **March 21, 2020**  /s/ Gary S. Austin
UNITED STATES MAGISTRATE JUDGE