UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY SMITH,<br><br>        Plaintiff,<br><br>    vs.<br><br>SGT. J. GONZALES, et al.,<br><br>        Defendants. | 1:17-cv-00436-DAD-GSA-PC<br><br>**ORDER DENYING REQUEST FOR FREE CERTIFIED COPY OF COURT'S ORDER**<br>**(ECF No. 72.)** |

## I.   BACKGROUND

Larry Smith ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  This case now proceeds with Plaintiff's First Amended Complaint filed on June 23, 2017, against defendants Sergeant J. Gonzales, Correctional Officer (C/O) Johnson, C/O Castro, C/O Miner, C/O Florez, and C/O Potzernitz for use of excessive force in violation of the Eighth Amendment; against defendant C/O Scaife for failure to protect Plaintiff in violation of the Eighth Amendment; and, against defendant Sergeant J. Gonzales for retaliation in violation of the First Amendment.[1]  (ECF No. 12.)

On April 20, 2020, Plaintiff filed a request for a certified copy of the court's order issued on February 19, 2020, which granted in part Defendants' motion for summary judgment.  (ECF No. 57.)

---

[1] On February 19, 2020, the court issued an order granting summary judgment in favor of defendant C/O A. Fritz on all of Plaintiff's claims against defendant Fritz based on Plaintiff's failure to exhaust remedies before filing suit.  (ECF No. 57 at ¶ 2a.)  In the same order, the court granted partial summary judgment in favor of defendant Sgt. J. Gonzales, on Plaintiff's retaliation claims against defendant Gonzales to the extent they are based on defendant Gonzales's alleged issuance of an RVR to Plaintiff, and his alleged recommendation that Plaintiff be transferred.  (Id. at 5 ¶¶ 2b.)  The court previously issued an order on April 19, 2018, dismissing all other claims and defendants from this case based on Plaintiff's failure to state a claim.  (ECF No. 19.)

## II. COPIES OF CASE DOCUMENTS

Plaintiff is advised that the Clerk does not ordinarily provide free copies of case documents to parties. The Clerk charges $.50 per page for copies of documents, and certification fees are $11.00 per document. See 28 U.S.C. § 1914(b). Copies of a document up to twenty pages may be made by the Clerk's Office at this court upon written request and prepayment of the copy fees. The fact that the court has granted leave for Plaintiff to proceed *in forma pauperis* does not entitle him to free copies of documents from the court. Under 28 U.S.C. § 2250, the Clerk is not required to furnish copies without cost to an indigent petitioner except by order of the judge.

Plaintiff requests a certified copy of the court's February 19, 2020 order for purposes of his appeal to the Ninth Circuit Court of Appeals. Plaintiff has not shown good cause for the court to send him a free certified copy of the court's order. Plaintiff is advised that he does not need to provide a copy of the court's order to the Ninth Circuit Court of Appeals in order to proceed with his appeal. The Court of Appeals has access to all of the documents filed at the district court. Nevertheless, if Plaintiff would like to request a certified copy of the February 19, 2020 order, he must submit a request in writing to the Clerk, a large self-addressed envelope affixed with sufficient postage, and prepayment of the copy and certification costs by money order to the Clerk. The February 19, 2020 order is 6 pages long. Therefore, Plaintiff must submit payment by money order of $14.00 for a certified copy.

## III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Plaintiff's request for a free certified copy of the court's February 19, 2020 order is DENIED.

IT IS SO ORDERED.

Dated:   **April 23, 2020**              **/s/ Gary S. Austin**
                                                   UNITED STATES MAGISTRATE JUDGE