UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY SMITH,<br><br>    Plaintiff,<br><br>    v.<br><br>J. GONZALES, et al.,<br><br>    Defendants. | 1:17-cv-00436-DAD-GSA (PC)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO EXTEND TIME**<br>**(ECF No. 74.)**<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR COPIES**<br>**(ECF No. 75.)**<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO MODIFY SCHEDULING ORDER**<br>**(ECF No. 76.)**<br><br>**ORDER EXTENDING DEADLINES FOR ALL PARTIES**<br><br>**New discovery deadline:           07/20/20**<br><br>**New dispositive motions deadline: 09/20/20** |

**I.    BACKGROUND**

Plaintiff is a prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  On April 27, 2020, Plaintiff filed a motion for extension of time and a request for copies of documents.  (ECF Nos. 74, 75.)  On April 28, 2020, Defendants filed a motion to modify the court's Scheduling Order.  (ECF No. 76.)

1

## II.     PLAINTIFF'S REQUESTS

Plaintiff requests a ten-day extension of time to meet the court's deadline for serving responses to discovery requests. Plaintiff also requests copies of the documents he submitted to the court. Plaintiff asserts that he does not have access to the law library or his legal records.

Good cause appearing, Plaintiff's motion shall be granted and the discovery deadline shall be extended by this order. As discussed below in this order, the discovery and dispositive motions deadlines shall both be extended for all parties.

Plaintiff's request for copies shall be denied. The Clerk does not ordinarily provide free copies of case documents to parties, and Plaintiff has not shown good cause for the court to send him free copies. To request copies of the documents that Plaintiff has requested, Plaintiff must submit a written request to the Clerk, payment for copies, and a self-addressed envelope affixed with sufficient postage.

The documents that Plaintiff submitted to the court, a motion for extension of time and a request for copies, together are 3 pages long. The Clerk charges $.50 per page for copies of documents. See 28 U.S.C. § 1914(a). Copies of up to twenty pages may be made by the Clerk's Office at this court upon written request and prepayment of the copy fees. The fact that the court has granted Plaintiff leave to proceed *in forma pauperis* does not entitle him to free copies of documents from the court. Under 28 U.S.C. § 2250, the Clerk is not required to furnish copies without cost to an indigent petitioner except by order of the judge.

Plaintiff was advised in this court's First Informational Order issued on March 30, 2017 that "[i]f a party wants a file-stamped copy of a document returned for the party's own benefit, a copy for that purpose and a pre-addressed, pre-paid postage envelope must be included. The Court will not make copies of filed documents or provide postage or envelopes for free even for parties proceeding *in forma pauperis*." (First Informational Order, ECF No. 3 at 3 ¶I.)

Plaintiff also requests the court to serve a copy of his motion for extension of time on Defendants. This has already been done as a matter of course.

2

### III. DEFENDANTS' MOTION TO MODIFY SCHEDULING ORDER

On April 28, 2020, Defendants requested modification of the court's Scheduling Order issued on February 4, 2020, to extend the deadlines for discovery and for the filing of dispositive motions.

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order. Id. The court may also consider the prejudice to the party opposing the modification. Id. If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002).

Defendants request extension of the discovery deadline from May 20, 2020 to July 20, 2020, for the limited purpose of taking Plaintiff's deposition, and extension of the dispositive motions deadline from July 20, 2020 to September 20, 2020, "due to limitations caused by the COVID-19 pandemic." (ECF No. 76 at 4:20 and Declaration of James Matheson at David E. Kuchinsky at 6.)

The court finds good cause to extend the discovery and dispositive motions deadlines in the court's Scheduling Order. Defendants have shown that even with the exercise of due diligence, they cannot meet the requirements of the order. Therefore, Defendants' motion to modify the Scheduling Order, filed on April 28, 2020, shall be granted. The deadlines shall be extended for all parties without limited purpose.

### IV. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's request for extension of time, filed on April 27, 2020, is GRANTED;
2. Plaintiff's request for free copies, filed on April 27, 2020, is DENIED;
3. Defendants motion to modify the court's Scheduling Order, filed on April 28, 2020, is GRANTED;
4. The deadline for the completion of discovery is extended from May 20, 2020 to July 20, 2020 for all parties to this action;

3

5. The deadline for filing and serving pretrial dispositive motions is extended from July 20, 2020 to September 20, 2020 for all parties to this action; and

6. All other provisions of the court's February 24, 2020 Discovery and Scheduling Order remain the same.

IT IS SO ORDERED.

Dated:  **April 30, 2020**           **/s/ Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE