UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY SMITH,<br><br>    Plaintiff,<br><br>    v.<br><br>J. GONZALES, et al.,<br><br>    Defendants. | 1:17-cv-00436-DAD-GSA (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (ECF No. 78.)** |

## I.    BACKGROUND

Larry Smith ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds with Plaintiff's First Amended Complaint filed on June 23, 2017, against defendants Sergeant Gonzales, Correctional Officer (C/O) Johnson, C/O Castro, C/O Miner C/O Florez, and C/O Potzernitz for use of excessive force in violation of the Eighth Amendment; against defendant C/O Scaife for failure to protect Plaintiff in violation of the Eighth Amendment; and, against defendant Sergeant Gonzales for retaliation in violation of the First Amendment.[1]  (ECF No. 12.)

---

[1] On February 19, 2020, summary judgment was granted for defendant C/O Fritz. (ECF No. 57.) On October 5, 2018, the court issued an order dismissing all remaining claims and defendants based on Plaintiff's failure to state a claim. (ECF No. 25.)

1

On April 30, 2020, the court issued an order granting Defendants' motion for modification of the scheduling order. (ECF No. 77.) The order extended the discovery deadline and the deadline for filing dispositive motions for all parties. (Id.) On May 8, 2020, Plaintiff filed objections to the court's order. (ECF No. 78.) The court construes Plaintiff's objections as a motion for reconsideration of the order.

**II.     MOTION FOR RECONSIDERATION**

Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656,

///

665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

**Discussion**

Plaintiff objects to the court's order because it granted Defendants' second motion to modify the Scheduling Order.  Plaintiff states his suspicion that Defendants are using the excuse of taking Plaintiff's deposition as a ruse to delay this case by extending the deadlines.  Plaintiff claims that defense counsel used the same excuse to delay this case back in July 2019.

The court finds Plaintiff's argument to be overly speculative.  Plaintiff has not set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. Therefore, Plaintiff's motion for reconsideration shall be denied.

**III.   CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration, filed on May 8, 2020, is DENIED.

IT IS SO ORDERED.

Dated:   **July 10, 2020**           **/s/ Gary S. Austin**
                                      UNITED STATES MAGISTRATE JUDGE