UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY SMITH,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>J. GONZALES, et al.,<br><br>　　　　Defendants. | 1:17-cv-00436-DAD-GSA (PC)<br><br>**ORDER GRANTING PARTIES' MOTIONS TO MODIFY THE SCHEDULING ORDER (ECF Nos. 80, 83, 84.)**<br><br>**ORDER EXTENDING DISCOVERY DEADLINE AND DEADLINE TO FILE DISPOSITIVE MOTIONS FOR ALL PARTIES**<br><br><u>**New Discovery Deadline:**</u>　　　　October 31, 2020<br><br><u>**New Dispositive Motions Deadline:**</u> December 31, 2020 |

**I.　BACKGROUND**

　　Larry Smith ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds with Plaintiff's First Amended Complaint filed on June 23, 2017, against defendants Sergeant Gonzales, Correctional Officer (C/O) Johnson, C/O Castro, C/O Miner C/O Florez, and C/O Potzernitz for use of excessive force in violation of the Eighth Amendment; against defendant C/O Scaife for failure to protect Plaintiff in violation of the Eighth Amendment; and against defendant Sergeant Gonzales for retaliation in violation of the First Amendment. (ECF No. 12.)

On February 4, 2019, the court issued a Discovery and Scheduling Order establishing deadlines for the parties, including a discovery deadline of August 4, 2019 and a dispositive motions deadline of October 4, 2019. (ECF No. 33.) The deadlines have been extended more than once during the pendency of this action.

Most recently, on April 30, 2020, the court extended the discovery deadline to July 20, 2020, and the dispositive motions deadline to September 20, 2020 for all parties. (ECF No. 77.)

On June 11, 2020, Defendants filed a motion to modify the scheduling order. (ECF No. 80.) On July 16, 2020, Plaintiff filed a motion to modify the scheduling order. (ECF No. 83.) On July 17, 2020, Defendants filed another motion to modify the scheduling order. (ECF No. 84.)

## II.     MOTION TO MODIFY SCHEDULING ORDER

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order. Id. The court may also consider the prejudice to the party opposing the modification. Id. If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002).

Defendants request extensions of the discovery deadline and dispositive motions deadline, due to limitations on inmate movements resulting from the COVID-19 pandemic that preclude Defendants from taking Plaintiff's deposition. Plaintiff requests extensions of the same deadlines to allow additional time to meet the court's discovery deadline, because his thousands of pages of documents were mixed together during transfer from another prison.

The court finds good cause to modify the scheduling order based on the parties' requests. Plaintiff and Defendants have shown that even with the exercise of due diligence, they cannot meet the requirements of the court's order. Therefore, the parties' motions shall be granted.

///

///

### III.  CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendants' motions to modify the court's Scheduling Order, filed on June 11, 2020 and July 17, 2020, are GRANTED;
2. Plaintiff's motion to modify the court's Scheduling Order, filed on July 16, 2020, is GRANTED;
3. The deadline for the completion of discovery is extended from July 20, 2020 to **October 31, 2020** for all parties to this action;
4. The deadline for filing and serving pretrial dispositive motions is extended from September 20, 2020 to **December 31, 2020** for all parties to this action; and
5. All other provisions of the court's February 4, 2019 Discovery and Scheduling Order remain the same.

IT IS SO ORDERED.

Dated:  **July 22, 2020**                          **/s/ Gary S. Austin**
                                           UNITED STATES MAGISTRATE JUDGE

3