UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY SMITH,<br><br>   Plaintiff,<br><br>  v.<br><br>SERGEANT J. GONZALES, *Program Sergeant at CSP-Corcoran*; *et al.*,<br><br>   Defendant. | No. 1:17-cv-00436-DAD-GSA (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO CERTIFY INTERLOCUTORY APPEAL<br><br>(Doc. No. 72) |

  Plaintiff Larry Smith is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. On February 19, 2020, the court adopted in part the assigned magistrate judge's November 15, 2019 findings and recommendations, granting in part defendants' motion for summary judgment and dismissing certain claims and defendants from this action. (Doc. Nos. 36, 52, 57.) Plaintiff then moved for reconsideration of the court's order on February 28, 2020, which the court denied on March 12, 2020. (Doc. Nos. 61, 63.) While his motion for reconsideration was pending, plaintiff also appealed the court's order to the Ninth Circuit Court of Appeals on March 11, 2020. (Doc. No. 64.) However, he failed to seek—and thus receive—the required certification from this court for an interlocutory appeal from the

/////

/////

1

court's order. *See* 28 U.S.C. § 1292(b).  Defendants subsequently moved for dismissal of the appeal,[1] leading plaintiff to file the now pending motion to certify the court's February 19, 2020 order for interlocutory appeal.  (Doc. No. 72.)

## LEGAL STANDARD

The district court may certify an order for interlocutory appeal when it involves "a controlling question of law as to which there is substantial ground for difference of opinion" and "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).  If these grounds are not met, the circuit court lacks jurisdiction to hear the matter.  *See* 28 U.S.C. § 1291 (granting jurisdiction generally to the circuit courts only over "final decisions" of the district courts); *Couch v. Telescope, Inc.*, 611 F.3d 629, 632–33 (9th Cir. 2010) (noting that the statutory restrictions of 28 U.S.C. § 1292(b) are jurisdictional).  This statutory provision "was intended primarily as a means of expediting litigation by permitting appellate consideration during the early stages of litigation of legal questions which, if decided in favor of the appellant, would end the lawsuit. . . ."  *United States v. Woodbury*, 263 F.2d 784, 787 (9th Cir. 1959).  Ultimately, however, the question need not be dispositive of the lawsuit for an interlocutory appeal to be appropriate.  *Id.*

Certification of a question for interlocutory appeal requires the district court to find that all of the following requirements under § 1292(b) are met:  (1) there is a controlling question of law; (2) there is substantial ground for difference of opinion about that question of law; and (3) an immediate appeal may materially advance the ultimate termination of the litigation.  *Couch*, 611 F.3d at 633.  If any of the requirements are not met, then the order certifying the questions is jurisdictionally defective.  *Id.*  Certification of interlocutory appeals is the exception, not the rule, and therefore § 1292(b) "must be construed narrowly." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1068 n.6 (9th Cir. 2002).

/////

/////

---

[1] While the instant motion was pending, the Ninth Circuit granted defendants-appellees' motion to dismiss and dismissed plaintiff's appeal for lack of jurisdiction.  (Doc. No. 79.)

**DISCUSSION**

To the extent this court's February 19, 2020 order granted in part defendants' motion for summary judgment, it was so based on a review of the factual record. Specifically, the court found as a *factual* matter that (1) "plaintiff did not exhaust his administrative remedies with respect to Sgt. Gonzales's alleged attempt to retaliate against him by issuing him an RVR or recommending that he be transferred" and (2) "plaintiff did not allege in his inmate appeal, and therefore could not have exhausted, his [] claim that C/O Fritz failed to protect him from C/O Johnson's alleged use of excessive force."[2] (*See* Doc. Nos. 57 at 4; 63 at 2–3.) There was no dispute the PLRA's administrative exhaustion requirements applied in such situations as a matter of law. Plaintiff now argues that interlocutory appeal of both findings is appropriate under 28 U.S.C. § 1292(b). (Doc. No. 72.) Plaintiff is plainly incorrect.

As explained above, § 1292(b) requires that there be "substantial ground for difference of opinion" on "a controlling *question of law*." 28 U.S.C. § 1292(b) (emphasis added). This means that the court of appeals is restricted to deciding matters of law, rather than reviewing issues of fact. *See, e.g.*, *George v. Morris*, 736 F.3d 829, 836 (9th Cir. 2013) (finding that, as a court of appeals, it was confined in an interlocutory appeal to deciding the question before it "as a matter of law"); *Bibeau v. Pac. Nw. Research Found. Inc.*, 188 F.3d 1105, 1113 (9th Cir. 1999), *opinion amended on denial of reh'g*, 208 F.3d 831 (9th Cir. 2000) ("[A]n interlocutory appeal will not lie . . . if the district court determines that there are genuine issues of fact involved."); *Rieve v. Coventry Health Care, Inc.*, 870 F. Supp. 2d 856, 879 (C.D. Cal. 2012) (declining to certify an interlocutory appeal that did not involve a pure question of law).[3] Other circuits have adopted a similar view on interlocutory appeals. *See Ahrenholz v. Board of Trs.*, 219 F.3d 674, 675–77 (7th

---

[2] The court notes that the individual referred to as C/O Fritz answered the complaint as defendant Esquerra, so the court will refer to her as such moving forward.

[3] The Ninth Circuit has noted a narrow exception to the general rule that interlocutory appeals are permitted only for pure questions of law; when at least one pure legal question is present, the court may "resolve all questions material to the order." *Steering Comm. v. United States*, 6 F.3d 572, 575–76 (9th Cir. 1993) (reaching both a legal issue of the standard of care and the application of that standard to the facts of the case).

1  Cir. 2000) (observing that Congress was referring to a pure question of law in § 1292(b), because
2  "if a case turned on a pure question of law, something the court of appeals could decide quickly
3  and cleanly without having to study the record, the court should be enabled to do so without
4  having to wait till the end of the case."); *Park W. Galleries, Inc. v. Hochman*, 692 F.3d 539, 543
5  (6th Cir. 2012) ("On interlocutory appeal, we do not review the district court's findings of fact,
6  and instead consider only pure questions of law.") (quotations omitted); *Kennedy v. St. Joseph's*
7  *Ministries, Inc.*, 657 F.3d 189, 195 (4th Cir. 2011) (an interlocutory appeal is appropriate under
8  § 1292(b) when the court is "faced with a pure question of law"); *McFarlin v. Conseco Servs.,*
9  *LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004) ("To summarize, § 1292(b) appeals were intended,
10 and should be reserved, for situations in which the court of appeals can rule on a pure, controlling
11 question of law without having to delve beyond the surface of the record in order to determine the
12 facts.")

13     Here, however, plaintiff merely disputes the court's order on factual grounds.  In his
14 pending motion, plaintiff appears to assert that defendants never actually asserted their innocence
15 as a factual matter and that the court therefore erred by dismissing the relevant claims and
16 defendants from this action. (Doc. No. 72 at 2.)  However, plaintiff's claims were dismissed as a
17 result of his failure to comply with the PLRA's procedural requirements, which the court only
18 found after a review of the *factual* record. (*See* Doc. Nos. 57 at 4; 63 at 2–3.)

19     Because plaintiff has failed to identify any "substantial ground for difference of opinion"
20 on "a controlling *question of law*," *see* 28 U.S.C. § 1292(b) (emphasis added), his motion to
21 certify the court's February 19, 2020 order for interlocutory appeal (Doc. No. 72) is hereby
22 denied.

23 IT IS SO ORDERED.

24   Dated:  **August 18, 2020**                          /s/ Dale A. Drozd
25                                                  UNITED STATES DISTRICT JUDGE

26
27
28

4