UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY SMITH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J. GONZALES, et al.,<br><br>　　　　　Defendants. | 1:17-cv-00436-DAD-GSA (PC)<br><br>**ORDER STRIKING IMPERMISSIBLE SURREPLY**<br>**(ECF No. 93.)** |

## I.   BACKGROUND

Larry Smith ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  This case now proceeds with Plaintiff's First Amended Complaint filed on June 23, 2017, against defendants Sergeant Gonzales, Correctional Officer (C/O) Johnson, C/O Castro, C/O G. Meier,[1] C/O Flores,[2] and C/O Potzernitz for use of excessive force in violation of the Eighth Amendment; against defendant C/O Scaife for failure to protect Plaintiff in violation of the Eighth Amendment; and against defendant Sergeant Gonzales for retaliation in violation of the First Amendment. (ECF No. 12.)

On December 21, 2020, defendants Gonzales, Johnson, Castro, Meier, Flores, Potzernitz, and Scaife ("Defendants") filed a motion for summary judgment.  (ECF No. 87.)  On April 1, 2021, Plaintiff filed an opposition to the motion.  (ECF No. 90.)  On April 8, 2021, Defendants filed a reply to Plaintiff's opposition.  (ECF No. 92.)

---

[1] Sued as C/O Miner.

[2] Sued as C/O Florez.

On April 23, 2021, Plaintiff filed a second opposition to Defendants' motion. (ECF No. 93.) The court construes Plaintiff's second opposition as an impermissible surreply.

**II.     SURREPLY**

A surreply, or sur-reply, is an additional reply to a motion filed after the motion has already been fully briefed. USLegal.com, http://definitions.uslegal.com/s/sur-reply/ (last visited March 1, 2021). The Local Rules provide for a motion, an opposition, and a reply. Neither the Local Rules nor the Federal Rules provide the right to file a surreply. A district court may allow a surreply to be filed, but only "where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." Hill v. England, 2005 WL 3031136, *1 (E.D.Cal. Nov. 8, 2005).

Plaintiff's second opposition to Defendants' motion is a surreply because it was filed on April 23, 2021, after Defendants' motion was fully briefed. The motion for summary judgment was fully briefed and submitted on the record under Local Rule 230(*l*) on April 8, 2021, when Defendants filed a reply to Plaintiff's first opposition. (ECF No. 92.) In this case, the court neither requested a surreply nor granted a request on the behalf of Plaintiff to file a surreply. Plaintiff has not shown good cause for the court to allow him to file a surreply at this juncture. Therefore, Plaintiff's surreply shall be stricken from the record.[3]

**III.    CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's surreply, filed on April 23, 2021, is STRICKEN from the court's record.

IT IS SO ORDERED.

Dated:  **April 26, 2021**              /s/ Gary S. Austin
                                        UNITED STATES MAGISTRATE JUDGE

---

[3] A document which is 'stricken' will not be considered by the Court for any purpose." (Informational Order, ECF No. 3 at 2 ¶ II.A.)