UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY SMITH,<br><br>             Plaintiff,<br><br>         v.<br><br>SERGEANT J. GONZALES, et al.,<br><br>             Defendants. | 1:17-cv-00436-DAD-GSA-PC<br><br>**ORDER REQUIRING PARTIES TO NOTIFY COURT WHETHER A SETTLEMENT CONFERENCE WOULD BE BENEFICIAL**<br><br>**THIRTY-DAY DEADLINE** |

**I.      PROCEDURAL HISTORY**

Larry Smith ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  This case now proceeds with Plaintiff's First Amended Complaint filed on June 23, 2017, against defendants Sergeant Gonzales, Correctional Officer (C/O) Johnson, C/O Castro, C/O Meier,[1] C/O Flores,[2] and C/O Potzernitz for use of excessive force in violation of the Eighth Amendment; against defendant C/O Scaife

---

[1] Sued as Miner.

[2] Sued as Florez.

for failure to protect Plaintiff in violation of the Eighth Amendment; and against defendant Sergeant Gonzales for retaliation in violation of the First Amendment.[3] (ECF No. 12.)

On February 4, 2019, the court issued a Discovery and Scheduling Order establishing deadlines for the parties, including a discovery deadline of August 4, 2019 and a dispositive motions deadline of October 4, 2019. (ECF No. 33.) The deadlines have been extended more than once during the pendency of this action.

Most recently, on July 23, 2020, the court extended the discovery deadline to October 31, 2020, and the dispositive motions deadline to December 31, 2020, for all parties. (ECF No. 85.) All of the deadlines have now expired, and all dispositive motions have been resolved. No other motions are pending.

At this stage of the proceedings, the Court ordinarily proceeds to schedule the case for trial.

## II.   SETTLEMENT PROCEEDINGS

The Court is able to refer cases for mediation before a participating United States Magistrate Judge. Settlement conferences are ordinarily held in person at the Court or at a prison in the Eastern District of California. Plaintiff and Defendants shall notify the Court whether they believe, in good faith, that settlement in this case is a possibility and whether they are interested in having a settlement conference scheduled by the Court.[4]

Defendants' counsel shall notify the Court whether there are security concerns that would prohibit scheduling a settlement conference. If security concerns exist, counsel shall notify the

---

[3] On February 19, 2020, the court granted summary judgment in favor of defendant C/O A. Fritz based on plaintiff's failure to exhaust administrative remedies for the claims against defendant Fritz. (ECF No. 57.) The court also granted summary judgment to Sgt. J. Gonzales as to Plaintiff's retaliation claims to the extent they are based on defendant Gonzales's alleged issuance of an RVR to Plaintiff and his alleged recommendation that Plaintiff be transferred; and the court denied summary judgment as to Plaintiff's remaining retaliation claim against defendant Sgt. J. Gonzales. (Id.) On September 7, 2021, the court denied Defendants' motion for summary judgment filed on December 21, 2020. (ECF No. 99.)

[4] The parties may wish to discuss the issue by telephone in determining whether they believe settlement is feasible.

Court whether those concerns can be adequately addressed if Plaintiff is transferred for settlement only and then returned to prison for housing.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that within **thirty (30) days** from the date of service of this order, Plaintiff and Defendants shall each file a written response to this order, notifying the Court whether they believe, in good faith, that settlement in this case is a possibility and whether they are interested in having a settlement conference scheduled by the Court.[5]

IT IS SO ORDERED.

Dated:   **September 8, 2021**                    **/s/ Gary S. Austin**
                                               UNITED STATES MAGISTRATE JUDGE

---

[5] The issuance of this order does not guarantee referral for settlement, but the Court will make every reasonable attempt to secure the referral should both parties desire a settlement conference.