UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY SMITH,<br><br>           Plaintiff,<br><br>     v.<br><br>SERGEANT J. GONZALES, et al.,<br><br>           Defendants. | 1:17-cv-00436-DAD-GSA-PC<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**(ECF No. 111.)** |

On May 5, 2022, plaintiff filed a motion seeking the appointment of counsel. (ECF No. 111.) Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

Plaintiff seeks appointment of counsel because he cannot afford counsel, his imprisonment will greatly limit his ability to litigate, the issues in his case are complex, Plaintiff has limited knowledge of the law, Plaintiff has two other pending cases, Plaintiff was recently housed at the California Health Care facility last year for suicide and depression, Plaintiff is having trouble remembering things, and Plaintiff only has a tenth grade education.

These are not exceptional circumstances under the law. While the court has found that Plaintiff states cognizable claims in the First Amended Complaint against defendants Sgt. Gonzales, C/O Johnson, C/O Castro, C/O Miner, C/O Florez, and C/O Potzernitz for use of excessive force under the Eighth Amendment; against C/O Scaife for failure to intercede and protect him, in violation of the Eighth Amendment; and, defendant Sgt. Gonzales for retaliation in violation of the First Amendment, this finding is not a determination that Plaintiff is likely to succeed on the merits. (ECF No. 16 at 22.) Plaintiff's claims are not complex, and based on a review of the record in this case, Plaintiff can adequately articulate his claims and respond to court orders. Thus, the court does not find the required exceptional circumstances, and Plaintiff's motion shall be denied without prejudice to renewal of the motion at a later stage of the proceedings.

Accordingly, for the foregoing reasons, Plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **May 9, 2022**                              **/s/ Gary S. Austin**
                                                                    UNITED STATES MAGISTRATE JUDGE