UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY SMITH, | **1:17-cv-00436-ADA-GSA-PC** |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION TO MODIFY SECOND SCHEDULING ORDER** |
| vs. | |
| J. GONZALES, et al., | **(ECF No. 127.)** |
| Defendants. | <u>**New Dates:**</u> |

<table>
<tr><td><u>**Pretrial Conference**</u>:</td><td>**February 6, 2023<br>1:30 p.m.<br>Judge de Alba<br>Courtroom 1**</td></tr>
<tr><td><u>**Jury Trial**</u>:</td><td>**April 4, 2023<br>8:30 a.m.<br>Judge de Alba<br>Courtroom 1**</td></tr>
</table>

## I.    BACKGROUND

Larry Smith ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights case pursuant to 42 U.S.C. § 1983, against defendants Sergeant Gonzales, Correctional Officer (C/O) Johnson, C/O Castro, C/O Meier, C/O Flores, and C/O Potzernitz for use of excessive force in violation of the Eighth Amendment; against defendant C/O Scaife for failure to protect Plaintiff in violation of the Eighth Amendment; and against defendant Sgt. Gonzales for retaliation in violation of the First Amendment. (ECF No. 12.)

On September 27, 2022, Defendants filed a motion to modify the Second Scheduling Order.  (ECF No. 127.)

## II.  MODIFICATION OF SCHEDULING ORDER

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 609 (9th Cir. 1992).  To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order.  <u>Id.</u>  The court may also consider the prejudice to the party opposing the modification.  <u>Id.</u>  If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify.  <u>Zivkovic v. Southern California Edison, Co.</u>, 302 F.3d 1080, 1087 (9th Cir. 2002).

Defendants request 60-day continuations of the dates for the Pretrial Conference and Jury Trial scheduled by the Court in its Second Scheduling Order.[1]  The current date for the Pretrial Conference is November 28, 2022 at 1:30 p.m., and the current date for Jury Trial is January 31, 2023 at 8:30 a.m.  Defense Counsel informs the Court that he has conflicts with the scheduled dates because trial in another case is starting on the day set for the pretrial conference, and Counsel will also be in trial on another case during the week before the trial date set in this action.

The court finds good cause to modify the Second Scheduling Order based on Defendants' requests.  Therefore, Defendants' motion shall be granted.

## III.  CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1.     Defendants' motion to modify the court's Second Scheduling Order, filed on September 27, 2022, is GRANTED;

///

---

[1] At the conclusion of their Motion to Modify the Second Scheduling Order, Defendants request an extension of time until February 8, 2022 to file pretrial motions.  (ECF No. 127 at 4.)  This request appears to be out of place.  Therefore, the Court shall disregard the request, without prejudice.

2.     The Pretrial Conference for this case is continued from November 28, 2022 at 1:30 p.m. to **February 6, 2023 at 1:30 p.m.** before the Honorable Ana de Alba in Courtroom 1;

3.     Jury Trial is continued from January 31, 2023 at 8:30 a.m. to **April 4, 2023 at 8:30 a.m.** before the Honorable Ana de Alba in Courtroom 1; and

4.     All other provisions of the Second Scheduling Order filed on September 19, 2022, remain the same.

IT IS SO ORDERED.

Dated:   **September 28, 2022**                   **_/s/ Gary S. Austin_**
                                                UNITED STATES MAGISTRATE JUDGE