UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY SMITH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SERGEANT J. GONZALES, et al.,<br><br>　　　　Defendants. | 1:17-cv-00436-ADA-GSA-PC<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**(ECF No. 132.)** |

　　　　On November 29, 2022, Plaintiff filed a motion seeking the appointment of counsel. (ECF No. 132.) Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

　　　　Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. Plaintiff seeks appointment of counsel because he cannot afford to retain counsel, his imprisonment will greatly limit his ability to litigate, the issues in this case are complex, plaintiff has limited access to the law library and very limited knowledge of the law, a trial in this case will likely involve conflicting testimony and an attorney would better enable Plaintiff to present evidence and cross-examine witnesses; and he has ongoing medical issues with his back and spine. These are not exceptional circumstances under the law.

This case now proceeds with Plaintiff's First Amended Complaint filed on June 23, 2017, against defendants Sergeant Gonzales, Correctional Officer (C/O) Johnson, C/O Castro, C/O Meier, 1 C/O Flores, 2 and C/O Potzernitz for use of excessive force in violation of the Eighth Amendment; against defendant C/O Scaife for failure to protect Plaintiff in violation of the Eighth Amendment; and against defendant Sergeant Gonzales for retaliation in violation of the First Amendment. (ECF No. 12.) On October 5, 2018, the Court found these claims to be cognizable. (ECF No. 25.) However, this finding is not a determination that Plaintiff is likely to succeed on the merits.

Plaintiff alleges that the issues in this case are complex. In the Court's view, Plaintiff's claims are not complex, and based on a review of the record in this case, Plaintiff can adequately articulate his claims and respond to court orders. Thus, the Court does not find the required exceptional circumstances, and Plaintiff's motion shall be denied without prejudice to renewal of the motion at a later stage of the proceedings.

Accordingly, for the foregoing reasons, Plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **December 6, 2022**            **/s/ Gary S. Austin**
                                                           UNITED STATES MAGISTRATE JUDGE