UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY SMITH,<br><br>      Plaintiff,<br><br>    v.<br><br>J. GONZALEZ, et al.,<br><br>      Defendants. | No.  1:17-cv-0436 ADA GSA (PC)<br><br>ORDER DIRECTING PARTIES TO SHOW CAUSE WHY THIS MATTER SHOULD NOT PROCEED TO TRIAL<br><br>PARTIES' SHOWINGS OF CAUSE DUE **NOVEMBER 13, 2023** |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  Currently, trial proceedings in this case have been vacated pending the improvement of Plaintiff's health.  See generally ECF No. 136.

For the reasons stated below the parties will be directed to show cause why this matter should not be recalendared for trial.  In addition, the Clerk of Court will be directed to send Plaintiff copies of certain documents on the docket that relate to trial proceedings.

I.    RELEVANT PROCEDURAL HISTORY

On September 19, 2022, this matter was scheduled for trial.  ECF No. 126 (Second Scheduling Order).  At that time, a pretrial conference was set for November 28, 2022, and a jury

1   trial was set for January 31, 2023.  Id. at 6.  Plaintiff was to file his pretrial statement by October

2   20, 2022, and Defendants were to file theirs by November 7, 2022.  Id. at 7.

3         On September 27, 2022, Defendants filed a motion to modify the Second Scheduling

4   Order due to scheduling conflicts and workload demands.  ECF No. 127.  On September 29,

5   2022, the motion was granted.  ECF No. 128.  As a result, the pretrial conference was reset for

6   February 6, 2023, and the jury trial was reset for April 4, 2023.  Id. at 2-3.  All other directives in

7   the Second Scheduling Order – including filing deadlines –were to remain in effect.  See id. at 3.

8         Plaintiff failed to file a pretrial statement by his October 20, 2022, deadline.  Defendants,

9   however, timely filed their pretrial statement on November 4, 2022.  ECF No. 130.  In it,

10  Defendants asked the Court to dismiss this matter given that Plaintiff had not filed a pretrial

11  statement.  Id. at 2.

12        On November 29, 2022, Plaintiff's opposition to Defendants' request for dismissal; a

13  declaration in support of same, and a motion for the appointment of counsel[1] were docketed.

14  ECF Nos. 132-34.  In the opposition, Plaintiff apologized for having missed the pretrial

15  conference.  ECF No. 133 at 2, ¶ 6.  He asked the Court not to dismiss his case, in part, because

16  he had become overwhelmed with two other active federal cases he has in this Court.  Id. at 2, ¶

17  4.  He also asserted that he was experiencing severe back pain and he requested the appointment

18  of counsel.  Id. at 2, ¶ 5.

19        In the supporting declaration filed with the opposition, Plaintiff went into detail about the

20  difficulty he was having with his back and the scheduling of surgery for it; his suicide attempts,

21  and the like.  See generally ECF No. 134.  Based on these facts, on January 6, 2023, the Court

22  vacated the pretrial conference and trial dates, and Plaintiff was ordered to file three-month status

23  reports to inform the Court of the status of his medical condition and of his ability to proceed to

24  trial.  ECF No. 136 at 2-3.

25        Since the vacation of the trial dates, Plaintiff has filed status reports in April 2023, June

26  2023, and October 2023.  ECF Nos. 137, 139-40, 144.  His most recent status report indicates that

27

28  [1] Plaintiff's request for the appointment of counsel was eventually denied.  ECF No. 135.

2

his transfer to a new facility has warranted the rescheduling of his spine surgery to "sometime in the near future." ECF No. 144 at 1, ¶ 2.  In the report, Plaintiff also states that he continues to be in great pain; he is unable to stand or sit for extended periods of time, and he is still using a wheelchair.  Id. at 1, ¶ 3.  Plaintiff further asserts that when he was out-to-medical in November and December of 2022, some of his legal property was lost by Lancaster State Prison.  A grievance he filed about his lost property has been denied.  Id. at 2, ¶ 4.  As a result, Plaintiff states, he does not have the pretrial statement documents that the Court issued.  Id.

## II.  DISCUSSION

The parties will be ordered to show cause why this matter should not proceed to trial.  Interests in continuing to move this matter towards a final resolution warrant such an order.

Courts have a duty to manage their dockets in a manner that is just and speedy.  See Fed. R. Civ. P. 1; see In re Phenylpropanolamine, 460 F.3d 1217, 1227 (9th Cir. 2006) (stating orderly and expeditious resolution of disputes is of great importance to rule of law and delay in reaching merits is costly in money, memory, manageability, and confidence in process).  Both the Court and the public have an interest in the disposal of cases in an expedient manner.  See generally Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (presuming public has interest in expeditious litigation).  The Court also maintains broad discretion to control its docket.  Adams v. California Dep't of Hlth. Servs., 487 F.3d 684, 688 (9th Cir. 2007); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) as amended (May 22, 1992).

This matter has been on the Court's docket since March of 2017.  See ECF No. 1 (date Complaint docketed).  The Court fully acknowledges that Plaintiff's significant health issues have prevented his ability to move this case forward.  The Court also understands that any upcoming surgery Plaintiff might have may affect the rescheduling of trial dates.  However, this matter cannot remain stayed pending a sufficient and/or complete resolution of Plaintiff's health concerns because it is unclear when that will occur.  Indeed, Plaintiff has stated that he is also uncertain of when he will "get better."  See ECF No. 132 at 2, ¶ 5 (Plaintiff's motion for the appointment of counsel, docketed November 2022).

1    In light of these facts and concerns, the parties will be ordered to show cause why this matter should not proceed to trial in the coming months.  The parties will be given until November 13, 2023, to file responsive pleadings to this order.  In addition, in order to assist Plaintiff with moving this case forward, as a one-time courtesy, the Clerk of Court will be ordered to send Plaintiff the latest scheduling order issued by the Court and other related filings.

   Accordingly, IT IS HEREBY ORDERED that:

   1.  As a one-time courtesy, the Clerk of Court shall send Plaintiff copies of the following documents:

   a.  The Court's Second Scheduling Order (ECF No. 126);

   b.  Defendants' Motion to Modify Second Scheduling order (ECF No. 127);

   c.  The Court's Order Granting Defendants' Motion to Modify Second Scheduling Order (ECF No. 128);

   d.  Defendants' Pretrial Statement (ECF No. 130), and

   e.  The Court's Order Vacating Pretrial Conference and Trial (ECF No. 136).

   2.  Plaintiff and Defendants shall show cause why trial proceedings in this matter should not recommence, and

   3.  The parties shall file and serve their showings of cause by **November 13, 2023**.

IT IS SO ORDERED.

   Dated:   **October 25, 2023**                    **/s/ Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE