UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY SMITH,<br><br>           Plaintiff,<br><br>    v.<br><br>J. GONZALES, et al.,<br><br>           Defendants. | No. 1:17-cv-00436 ADA GSA (PC)<br><br>ORDER DIRECTING PARTIES TO COMPLETE AND FILE NEW ORDER RE: CONSENT OR REQUEST FOR REASSIGNMENT FORMS BY **DECEMBER 22, 2023**<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL<br><br>(ECF No. 149) |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

This case is currently at the pretrial phase of the proceedings. See ECF No. 126 (Second Scheduling Order). A Motion for the Appointment of Counsel filed by Plaintiff is also pending. ECF No. 149.

For the reasons stated below, the parties will be given the option of consenting to the jurisdiction of a magistrate judge to preside over this case going forward, including trial. In addition, Plaintiff's Motion for the Appointment of Counsel will be denied.

I.   BACKGROUND

This case has been on the Court's docket since March 2017. See ECF No. 1 (Plaintiff's Complaint docketed March 27, 2017). Five and a half years later, in September 2022, the matter reached the pretrial phase of the proceedings, and a jury trial was ultimately set for April 4, 2023, before District Judge Ana de Alba. See ECF No. 126 at 6 (Second Scheduling Order issued September 19, 2022); see also ECF No. 128 (Order Granting Motion to Modify Second Scheduling Order). However, due to Plaintiff's significant health ailments (see generally ECF No. 134) (November 2022 declaration filed by Plaintiff), on January 6, 2023, the Court vacated the remaining trial dates (ECF No. 136 at 2). At that time, Plaintiff was ordered to file quarterly reports with the Court to update it on the status of his medical condition and his ability to proceed to trial. See id. at 3.

Plaintiff complied with the Court's directive. See ECF Nos. 137, 139-40, 144 (filed status reports). On October 26, 2023, however, the Court issued an order to show cause directing the parties to indicate why this matter should not now proceed to trial. See ECF No. 145. The parties have responded to the order (see ECF Nos. 146-47), and Plaintiff has filed his pretrial statement (see ECF No. 148). The instant motion for the appointment of counsel filed by Plaintiff was docketed at that time as well. See ECF No. 149. Given that Defendants filed their pretrial statement in November 2022 (see ECF No. 130), all parties appear to be ready to proceed to trial. See ECF Nos. 146-47 (parties' showings of cause generally stating trial readiness).

II.   DISCUSSION

A.   Appointment of Presiding District Judge to Ninth Circuit

Recently, presiding District Judge de Alba was elevated to serve on the Ninth Circuit Court of Appeal. As a result, currently, no district judge is assigned to this matter. Moreover, it has yet to be determined when a new district judge will be assigned to this action.

In light of these facts, in an attempt to move this matter forward and towards final resolution, once again, the parties are reminded of the option of consenting to a magistrate judge to preside over what remains of these proceedings. See 28 U.S.C. § 636(c)(1) (stating parties may consent to a full time magistrate judge conducting any or all proceedings in a jury or non

2

jury civil matter). The Clerk of Court will therefore be directed to resend consent / decline forms to the parties, and they will be given thirty days to return them to the Court.

### B. Plaintiff's Motion for the Appointment of Counsel

In support of Plaintiff's Motion for the Appointment of Counsel, he states in part that he is unable to afford counsel; that he has a severe medical condition which requires the placement of screws on his spine, and that the surgery should happen within the next 120 days. ECF No. 149 at 1. Plaintiff also asserts that his imprisonment will greatly limit his ability to litigate this matter, as evidenced by the fact that he requested personnel files of Defendants Gonzales and Johnson after the discovery deadline had passed. See id.

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider a plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id.

The Court notes that to date, Plaintiff has been able to adequately represent himself, having for the past five and a half years managed this case without the appointment of counsel. Furthermore, with respect to his upcoming major surgery, should the procedure, or Plaintiff's recovery from it, interfere with Plaintiff's ability to proceed to trial or participate during it, Plaintiff need only inform the Court and the Court will attempt to accommodate him within reason. For these reasons, the Court does not find the required exceptional circumstances under Palmer that warrant the appointment of counsel.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court shall send the parties new copies of this Court's Order Re: Consent or Request for Reassignment form;

2. The parties shall complete and file the Order Re: Consent form by **December 22, 2023**, and

3. Plaintiff's motion for the appointment of counsel (ECF No. 149) is DENIED.

IT IS SO ORDERED.

Dated:   **November 21, 2023**                              /s/ Gary S. Austin
                                                            UNITED STATES MAGISTRATE JUDGE