1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   LARRY SMITH,                              No.  1:17-cv-00436 KES GSA (PC)

12              Plaintiff,                      ORDER DIRECTING PARTIES TO INFORM
                                               COURT IF PREPARED TO PROCEED TO
13        v.                                   TRIAL

14   J. GONZALES, et al.,                      PARTIES RESPONSES AND/OR
                                               SHOWINGS OF CAUSE DUE **APRIL 11,**
15              Defendants.                     **2024**

16

17        Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil

18   rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States

19   Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

20        This matter is at the pretrial conference stage of the proceedings.  See generally ECF Nos.

21   126, 130, 136, 148, 154 (second scheduling order; Defendant's pretrial statement; vacation of

22   pretrial conference date; Plaintiff's pretrial statement; Plaintiff's supporting declaration,

23   respectively).  For the reasons stated below, the parties will be ordered to inform the Court

24   whether they are ready to proceed to trial and have the Court reset the previously vacated pretrial

25   conference date.

26        On January 6, 2023, the pretrial conference which had been scheduled to take place in

27   February 2023 before the previously assigned district judge was vacated due to the severe pain

28   and ongoing medical issues that Plaintiff was experiencing.  See ECF No. 136 at 2.  Months later,

                                              1

at the direction of the Court (see ECF No. 145), all parties filed showings of cause indicating that that this matter should proceed to trial (see ECF Nos. 146, 147).

In November 2023, the Court informed the parties that the district judge who had been previously assigned to this matter had been elevated to the Ninth Circuit Court of Appeals and that this left this matter without a presiding district judge.  ECF No. 150.  As a result, in an attempt to continue to move the matter forward, the parties were ordered to inform the Court if they wished to continue the proceedings before a magistrate judge by completing and returning new consent / decline forms.[1]  ECF Nos. 150, 155.  The parties filed their responses to the order in December 2023 and January 2024.  ECF Nos. 153, 157.  Given that to date the matter has not been assigned to the undersigned magistrate judge, the Court presumes that at least one party declined magistrate judge jurisdiction in this case.

On March 14, 2024, this case was assigned to a new district judge.  ECF No. 158.  Therefore, the matter may now proceed to trial and the pretrial conference can be rescheduled.  However, given that the last pretrial conference had been scheduled to take place over a year ago, as well as the fact that for well over a year Plaintiff has been beset with surgeries, mental health issues and chronic illness (see, e.g., ECF Nos. 134, 137, 139, 140) (Plaintiff's declarations and status reports stating same), therefore prior to resuming these proceedings the parties will be ordered to inform the Court whether they are ready to proceed to trial, i.e., to have the district judge reset the pretrial conference date.  Should any party not be ready to proceed, the party shall be ordered to show cause why they are not.

Accordingly, IT IS HEREBY ORDERED that:

1.  Within seven days from the date of this order – **by April 12, 2024**, – the parties shall inform the Court whether they are ready to proceed to trial, i.e., have the newly assigned district judge reset the pretrial conference date, and

2.  In the event that a party is not ready to proceed to trial, by **April 12, 2024**, the party shall show cause why they are not.  The showing of cause shall be accompanied by a sworn

---

[1]  Shortly thereafter, in December 2023, the case was officially given a "NODJ" designation. ECF No. 152.

affidavit.

IT IS SO ORDERED.

Dated:   **April 4, 2024**              **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE