UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY SMITH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>J. GONZALES, et al.,<br><br>　　　　Defendants. | No. 1:17-cv-00436 KES GSA (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL<br><br>(ECF No. 161) |

Plaintiff is a state prisoner proceeding pro se in an action brought under 42 U.S.C. § 1983. He has filed a motion for the appointment of counsel. ECF No. 161. For the reasons stated below, the motion will be denied.

I.  MOTION FOR THE APPOINTMENT OF COUNSEL

In support of Plaintiff's motion for the appointment of counsel, Plaintiff states in part that he is imprisoned and that the issues in this case are complex. ECF No. 161 at 1. He also asserts that he has limited access to the prison law library, that he has limited knowledge of the law, and that he has a tenth-grade education. Id. He contends that the appointment of counsel will better enable him to present evidence and cross-examine witnesses given the fact that the case will likely involve conflicting testimony. ECF No. 161 at 2. Finally, Plaintiff states that since November 2022, he has had a spinal infection that prevents him from sitting or standing for long periods of time and that has left him in severe pain. Id.

## II. DISCUSSION

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the Court must consider a plaintiff's likelihood of success on the merits as well as the ability of a plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

This case has been on the docket since 2017, and currently it is at the trial stage of the proceedings. See ECF Nos 1, 128 (original complaint; second scheduling order, respectively). Since it was filed, Plaintiff has satisfactorily navigated the proceedings filing the original complaint and a first amended complaint (ECF Nos. 1, 12); filing multiple motions for extensions of time (ECF Nos. 37, 74, 75, 83, 88, 141), and filing and multiple motions for the appointment of counsel (see ECF Nos. 42, 66, 68, 111, 119, 123, 132, 149). Thus, it is clear that Plaintiff should be able to adequately prepare his case for trial without legal assistance.

Furthermore, neither is the fact that Plaintiff is currently dealing with health issues which allegedly prevent him from sitting or standing for extended periods of time, persuasive. Many litigants who are similarly situated are still able to adequately prosecute their cases. Finally, Plaintiff has not indicated that his physical ailments are affecting his ability either to understand the proceedings or to complete the tasks necessary to move this case forward. For these reasons, having considered the factors under Palmer, the Court finds that Plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for the appointment of counsel (ECF No. 161) is DENIED without prejudice.

IT IS SO ORDERED.

Dated: __**April 19, 2024**__            __     /s/ Gary S. Austin__
                                                            UNITED STATES MAGISTRATE JUDGE