UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY SMITH,<br><br>        Plaintiff,<br><br>    v.<br><br>J. GONZALES, et al.,<br><br>        Defendants. | No. 1:17-cv-00436 KES GSA (PC)<br><br>ORDER DIRECTING PLAINTIFF TO SHOW CAUSE WHY PLANTIFF SHOULD NOT BE SANCTIONED FOR FAILURE TO APPEAR AT THE SCHEDULED JUNE 3, 2024, SETTLEMENT CONFERENCE<br><br>PLAINTIFF'S SHOWING OF CAUSE DUE **JUNE 25, 2024** |

      Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  This matter is currently in the pretrial phase of proceedings.

      For the reasons stated below Plaintiff will be ordered to show cause why he should not be sanctioned for failure to appear at the recent settlement conference at California State Prison – Corcoran ("CSP-Corcoran") which had been calendared in part on his behalf.  He will be given fourteen days to file the showing of cause.

I.    <u>RELEVANT FACTS</u>

      This case has been on the Court's docket since March 2017.  As a result, in an effort to continue to move this matter towards resolution, on April 19, 2024, the Court ordered that the

1

1  parties participate in a settlement conference.  ECF No. 163.  The conference was to take place on
2  June 3, 2024, at CSP-Corcoran.  Id.  Several other matters had also been set for settlement
3  conferences on that day before two different Magistrate Judges.
4       On April 30, 2024, a writ of habeas corpus ad testificandum was issued to ensure your
5  personal presence at the settlement conference.  ECF No. 166.  Thereafter, on May 13, 2024, the
6  Clerk's Office followed up with R.J. Donovan Facility ("RJDF") where you were incarcerated in
7  order to further confirm your in-person appearance at CSP-Corcoran on June 3, 2024.  See "Court
8  Only" docket entry dated 5/13/24.  The same day, RJDF verified that you would be produced in
9  person at CSP-Corcoran for the settlement conference.  See id.  On May 30, 2024, the Court
10 received your confidential settlement statement, which was docketed.  ECF No. 168 (SEALED
11 EVENT).
12      On June 3, 2024, you die NOT appear for the settlement conference.  As a result, the
13 Magistrate Judge who was to preside over the proceedings issued a minute order indicating as
14 much.  ECF No. 169.  Based on it, it appears that counsel for Defendants was present.  Id.  It was
15 only you who failed to appear.  Id.  As of today's date you have not contacted the Court to inform
16 why you did not appear.
17     II.    DISCUSSION
18      "Pro se litigants must follow the same rules of procedure that govern other litigants."
19 King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), overruled in part on other grounds by Lacey v.
20 Maricopa Cty, 693 F.3d 896 (9th Cir. 2012); see, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th
21 Cir. 1995) (per curiam) (finding failure of pro se litigant to follow procedural rules justified
22 dismissal of action).  "The authority of a federal trial court to dismiss a plaintiff's action with
23 prejudice because of his failure to prosecute cannot be seriously doubted."  Link v. Wabash
24 Railroad Company, 370 U.S. 626, 629 (1962) (footnote omitted).  "The power to invoke this
25 sanction is necessary in order to prevent undue delays in the disposition of pending cases and to
26 avoid congestion in the calendars of District Courts."  Id. at 629-30.
27      A district court may dismiss a matter because a litigant failed to attend a settlement
28 conference.  See, e.g., Hendrix v. Aranas, 788 F. App'x 487, 488 (9th Cir. 2019).  However, prior

to dismissing an action for failure to appear, a court must investigate reasonable alternatives to such a severe sanction.  See Hernandez v. Whiting, 881 F.2d 768, 771-72 (9th Cir. 1989).

Your failure to appear at the June 3, 2024, settlement conference without warning and without follow up as to why you failed to appear is unacceptable.  Absent a showing of good cause your failure to appear is also incredibly unfair to Defendants.

When the Court considers the countless number of hours that have been spent on this matter since its filing in 2017, your failure to appear, again with no warning and with no follow up explanation, is unacceptable.

For these reasons, you will be ordered to show cause why you should not be sanctioned for failure to appear at the June 3, 2024, settlement conference.  The Court acknowledges that there may have been a valid reason such as an unforeseen illness which may have prevented you from attending the settlement proceedings.  If such good cause exists, you shall inform the Court in the showing of cause, and you must provide supporting documentation – e.g., properly redacted medical notes and/or records – in support of any statements you make.  You will be given fourteen days to comply with this order.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff shall SHOW CAUSE why he should not be SANCTIONED for failure to appear at the June 3, 2024, settlement conference.  See ECF Nos. 163, 169 (order setting 6/3/24 settlement conference; minute order indicating Plaintiff's failure to appear at same);

2.  Plaintiff's showing of cause shall be filed within fourteen days from the date of this order – **by June 25, 2024**, and

3.  The supporting documentation Plaintiff provides in his showing of cause shall be properly redacted of any of his highly personal information (e.g., Social Security information, etc.).

**Plaintiff is cautioned that failure to comply with this order within the time allotted may result in a recommendation that this matter be dismissed.**

3

IT IS SO ORDERED.

Dated: **June 11, 2024**          **/s/ Gary S. Austin**
                                  UNITED STATES MAGISTRATE JUDGE

4