UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY SMITH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J. GONZALES, et al.,<br><br>　　　　　Defendants. | No.  1:17-cv-00436 KES GSA (PC)<br><br>ORDER DIRECTING COUNSEL FOR DEFENDANTS TO PROVIDE GENERAL INFORMATION REGARDING PLAINTIFF'S FAILURE TO APPEAR AT JUNE 3, 2024, SETTLEMENT CONFERENCE<br><br>(ECF Nos. 163, 169)<br><br>DEFENSE COUNSEL'S SWORN AFFIDAVIT DUE **JULY 26, 2024** |

　　　Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  This matter is at the settlement-prior-to-trial stage of the proceedings.  See generally ECF No. 163.

　　　For the reasons stated below, the Office of the Attorney General, specifically, counsel for Defendants in this case, will be directed to provide general information to the Court regarding Plaintiff's failure to appear at the settlement conference that had been scheduled for June 3, 2024. See ECF Nos. 163, 169 (settlement conference order; proceeding minutes indicating Plaintiff's failure to appear).  Counsel will be given until July 26, 2024, to do so.

1

## I. RELEVANT PROCEDURAL HISTORY

On April 19, 2024, a settlement conference was calendared for June 3, 2024, before a different magistrate judge. ECF No. 163. As a result, on April 30, 2024, an in-person appearance writ was issued. ECF No. 166. Approximately two weeks later, the Clerk's Office confirmed with the R.J. Donovan Correctional Facility (where Plaintiff is currently housed) that it would produce Plaintiff for the June 3rd settlement conference. See docket entry dated May 13, 2024.

Despite these facts the record indicates that on the date of the settlement conference Plaintiff failed to appear. See ECF No. 169 (proceeding minutes). As a result, on June 12, 2024, Plaintiff was ordered to show cause why he should not be sanctioned for his failure to appear and to do so by June 25, 2024. See ECF No. 171. To date, Plaintiff has not responded to the Court's showing of cause, nor has he responded to the Court's order in any way.

## II. DISCUSSION

The Court notes that the record indicates Plaintiff has stated that for quite some time he has suffered from a spinal infection, and that it causes him severe pain. ECF No. 161 at 2; ECF No. 168 at 1 (SEALED EVENT). The record also indicates that four days before the settlement conference Plaintiff's confidential settlement statement was docketed under seal,[1] indicating a willingness on Plaintiff's part to participate in the settlement proceedings. See generally ECF No. 168 (SEALED EVENT). The Court also notes that since Plaintiff brought this case in March of 2017, he has continued to prosecute this case.

Based on these facts, it is possible that Plaintiff's failure to appear may have been due to illness and/or factors beyond his control. The Court therefore seeks the assistance of counsel to help determine the reason for Plaintiff's non appearance on June 3.

If Plaintiff's failure to appear was intentional, the sanction of dismissal may be in order for failure to prosecute. See Fed. R. Civ. P. 41(b); see also L.R. 110. Dismissal, however, is a serious sanction, and it should not be done haphazardly. See Malone v. United States Postal

---

[1] The Court also notes for the record that Plaintiff has failed to timely respond to the June 4, 2024, minute order issued by the district judge who is assigned to this matter. See ECF No. 170 (district judge's June 4th minute order giving Plaintiff twenty-one days to comply).

Service, 833 F.2d 128 131-32 (9th Cir. 1987) (stating district court abuses discretion if dismissing without first considering adequacy of less drastic sanctions). The resolution of matters on their merits is preferred. See In re Phenylpropanolamine Products Liability Litigation, 460 F.3d 1217, 1227 (9th Cir. 2006) (brackets added) ("[t]he goal is to get cases decided on the merits of issues that are truly meritorious and in dispute.").

Because counsel for Defendants, Deputy Attorney General ("DAG") James D. Mathison, was present at the June 3, 2024, settlement conference (see ECF No. 170) (proceeding minutes), he may be able to provide the Court with information related to Plaintiff's failure to appear as well as information related to Plaintiff's general health status on June 3, 2024. Therefore, out of an abundance of caution, prior to the Court considering the sanction of dismissal, DAG Mathison will be ordered to file a sworn statement with the Court that provides any and all facts known to Counsel related to Plaintiff's failure to appear at the June 3, 2024, settlement conference. However, the affidavit need only provide general information related to Plaintiff's health, and information regarding Plaintiff's health shall be submitted separately under seal so as to protect Plaintiff's right to medical privacy. DAG Mathison will be given one week to comply with this order.

Accordingly, IT IS HEREBY ORDERED that:

1. Counsel for Defendants, James D. Mathison, shall file a sworn declaration with the Court which informs it of what, if any, information was provided to the Court and Defendants related to Plaintiff's failure to appear in person at the June 3, 2024, settlement conference;

2. The sworn statement shall, while maintaining Plaintiff's privacy, include any general, non-invasive information related to Plaintiff's health on June 3, 2024 and shall be submitted separately under seal, and

3. Counsel for Defendants shall file the sworn declaration by **July 26, 2024**.

IT IS SO ORDERED.

Dated: **July 19, 2024**          /s/ Gary S. Austin

UNITED STATES MAGISTRATE JUDGE