UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY SMITH,<br><br>        Plaintiff,<br><br>    v.<br><br>J. GONZALES, et al,<br><br>        Defendants. | No. 1:17-cv-00436 KES GSA (PC)<br><br>ORDER DIRECTING THE CLERK OF COURT TO CORRECT THE DOCKET<br><br>(ECF No. 169)<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE<br><br>(ECF No. 171) |

    Before this Court is Plaintiff's response to the Court's order that directed him to show cause why sanctions should not be imposed upon him for his failure to appear at the settlement conference that was scheduled for June 3, 2024. ECF No. 173. Counsel for Defendants have complied with the Court's order and filed a declaration regarding the events surrounding the settlement conference on that day. ECF Nos. 173, 174, respectively.

    For the reasons stated below, Plaintiff's showing of cause will be discharged. In addition, via a separate order, the parties will be directed for a second time to participate in settlement conference. Finally, Plaintiff will be formally warned that absent exigent circumstances his failure to appear and/or comply with future court orders will result in the sanction of a recommendation that this matter be dismissed with prejudice.

1

## I. BACKGROUND

On April 19, 2024, a settlement conference was scheduled in this case. ECF No. 163. The proceeding was to take place on June 3, 2024, at 8:30 a.m. Id. at 2. As a result, the Court issued a writ for Plaintiff's appearance at the settlement conference. ECF No. 166. In addition, on May 13, 2024, the Court verified Plaintiff's in-person appearance at the prison where Plaintiff is currently housed. See 5/13/24 docket entry.

On the date of the settlement conference, Plaintiff failed to appear resulting in the Court's inability to hold the proceeding. See 6/3/24 minute order. As a result, on June 12, 2024, Plaintiff was ordered to show cause why he should not be sanctioned for failure to appear at the settlement conference. ECF No. 171. Shortly thereafter, counsel for Defendants were directed to provide general information regarding Plaintiff's failure to appear. ECF No. 172.

Counsel for Defendants filed a response to the Court's directive. ECF No. 173. In addition, Plaintiff filed his showing of cause. ECF No. 174. The Court now considers both filings to determine whether Plaintiff should be sanctioned for failing to appear.

## II. COUNSEL'S DECLARATION

In the declaration filed by Deputy Attorney General ("DAG") James D. Mathison,[1] he states that on May 22, 2024, the litigation coordinator at California State Prison – Corcoran ("CSP-Corcoran") informed SDAG Bragg that Plaintiff did not want to attend the settlement conference because his did not want to leave the RJ Donovan Correctional facility (RJD) where he was housed. ECF No. 173 at 2. As a result, on May 29, 2024, SDAG Bragg e-mailed the appropriate individual at the Court to inform it that Plaintiff had not been transported, and that another effort to transport him would be made on May 31, 2024. Id.

According to DAG Mathison, on May 31, 2024, Plaintiff again refused to be transported from where he was housed at the RJD to CSP-Corcoran for the settlement conference. Id. DAG

---

[1] In counsel's declaration, DAG Mathison points out that the minutes on the docket which summarize the conference are incorrect to the extent that they state that he attended it. See ECF No. 173 at 2. Instead, Supervising Deputy Attorney General ("SDAG") R. Lawrence Bragg was present at the proceeding. Id. The Clerk of Court will be directed to change the minute order on the docket to reflect this.

Mathison reports that prison records indicate that on June 3, 2024, at 9:47 a.m. Plaintiff underwent a Code I emergency transport to an outside hospital. ECF No. 173 at 2. On June 8, 2024, Plaintiff was returned to his prison. Id.

DAG Mathison is currently waiting for information from the litigation coordinator at Plaintiff's prison in order to determine if Plaintiff made any statements to the officer who was assigned to escort him from his cell to the transport bus related to his refusal to be transported. ECF No. 173 at 2. He is also waiting to receive additional information surrounding the reason for Plaintiff's emergency transport. Id.

### III.   PLAINTIFF'S SHOWING OF CAUSE

In Plaintiff's showing of cause, filed with the Court on 7/29/24, he states that on June 3, 2024, he was sent to the hospital due to severe back pain that he was experiencing which was related to a spinal infection. ECF No. 174 at 1. He further states that between May 18, 2024, and June 3, 2024, he went "man down" five times. Id.

Plaintiff further states that on or around May 22, 2024, he told the assistant warden that he had refused to be transferred to CSP-Corcoran for the settlement conference because he was experiencing great pain in his lower back, and he "couldn't take traveling sitting in his wheelchair."[2] ECF No. 174 at 2. He contends that he also told another prison employee that he was experiencing some lower spinal pain. Id. He asserts that on June 21, 2024, he went "man down" and was sent to the hospital, where he was later diagnosed with a spinal infection with multiple abscesses. Id. After being transported to another hospital, Plaintiff states that eventually, on July 14, 2024, he had spinal fusion surgery. ECF No. 174 at 3.

Plaintiff states that on May 23, 2024, he notified the Court that he had missed the ride to CSP-Corcoran due to his spinal pain, and that he had asked for the settlement conference to be

---

[2] The Court notes that DAG Mathison's declaration states that multiple e-mail between the litigation coordinator at Plaintiff's prison and a staff member there contradict Plaintiff's assertion that he refused to be transported because of the prison's inability to transport him in a wheelchair. See ECF No. 173 at 2. Rather, Plaintiff refused the transport to the settlement conference because he did not want to leave his prison. See id.

rescheduled. ECF No. 174 at 5. He also asserts that in his confidential settlement dated May 27, 2024, he explained his spinal pain to the Court. Id.

IV. DISCUSSION

A. Relevant Procedural History

This case has been on the Court's docket since March of 2017. See generally ECF No. 1. Since then, the Court has scheduled settlement conferences for this case three times. See ECF Nos. 103, 117, 163 (settlement conference orders). The first settlement conference, set for May 17, 2022, was rescheduled due to a mutual agreement by the parties. ECF No. 117 at 1. The second settlement conference, scheduled for August 30, 2024, was cancelled on July 21, 2022, because at the pre-settlement conference on that date, Plaintiff told the Court that there was no need for a settlement conference and requested the Court to set a trial date. See ECF Nos. 121. The third settlement conference was the instant one that scheduled to be held on June 3, 2024.

Prior to the scheduling of the June 2024 settlement conference, in September 2022, this case was proceeding to trial. See ECF Nos. 126, 130 (second scheduling order; pretrial statement, respectively). However, on January 6, 2023, the trial dates were vacated sua sponte by the Court after Plaintiff filed a declaration stating that he had been experiencing severe back pain; that he had gone "man down" twelve times, and that because of the pain, he had tried to harm himself by swallowing a razor blade. See ECF No. 136 at 2 (Court's vacation order); see also ECF No. 134 (Plaintiff's declaration stating same). In that same order, Plaintiff was directed to file quarterly status reports regarding the status of his medical condition. ECF No. 136.

On October 26, 2023, after Plaintiff had filed three status reports (see ECF Nos. 139, 140, 144), the Court ordered the parties to show cause why this matter should not proceed to trial (ECF No. 145). The parties responded to the order. See ECF Nos. 146, 147. Several months later, in March 2024, the matter was assigned to a new district judge. ECF No. 158. As a result, in April 2024, the parties were ordered to inform the Court if they were ready to proceed to trial. ECF No. 159. Shortly thereafter the parties complied with the order and filed statements indicating that they were ready to proceed to trial. See generally ECF Nos. 160, 162. On April 19, 2024, however, in an attempt to settle this matter prior to beginning trial proceedings, the Court

4

1  calendared the June 3, 2024, settlement conference at issue which Plaintiff failed to attend. See
2  ECF No. 163.

           2. Analysis

4  In light of the above, the Court finds that Plaintiff has been afforded more than enough
5  time to move this case to trial. The Court has been exceptionally understanding of Plaintiff's
6  health issues which, at times, have prevented him from being able to fully participate in these
7  proceedings. However, Plaintiff's failure to appear at the June 3, 2024, proceeding without any
8  timely warning sent to the Court is completely unacceptable.[3]

9  The Court has an obligation to manage its docket in a just, speedy, and inexpensive
10 manner. See Fed. R. Civ. P. 1. It is the Court that is also in the best position to decide when a
11 delay in a particular case is interfering with docket management and the public's interest.
12 Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) (citing Ash v. Cvetkov, 739
13 F.2d 493, 496 (9th Cir. 1984)). The Court finds that this case is one that has interfered with the
14 management of its docket for an excessive amount of time. Therefore, it is time to put an end to
15 the repeated delays in this case.

16 Given the chronic nature of Plaintiff's ailments, it appears that in all likelihood there may
17 *never* be a time when Plaintiff feels fully physically ready to prosecute this case and proceed to
18 trial. Therefore, from this point on, Plaintiff will be expected to do his utmost best to move this
19 case forward to disposition.

20 Finally, this Court has spent an exorbitant amount of time and a disproportionate number
21 of resources on this case, all in an effort to try to accommodate Plaintiff's illnesses. However, it
22 cannot and will not continue to do so absent a showing of exceptional circumstances by Plaintiff.
23 The continued accommodation of Plaintiff and the resulting resource and time drain on the Court
24 is not fair to Defendants, nor is it fair to the many other litigants who have cases before it.

25 For these reasons, Plaintiff will be cautioned a *final* time that absent exigent

---

[3] To the extent that Plaintiff states that on May 23, 2024, he notified the Court that he had missed his ride to CSP-Corcoran due to his spinal pain, and that he had asked for the settlement conference to be rescheduled (see ECF No. 174 at 5), he is informed that the Court has no record of the filing or of his request to postpone the June 3rd settlement conference.

circumstances, *any* additional failures to appear in this case *will* result in the sanction of a recommendation that this matter be dismissed immediately and with prejudice. In addition, this case will be ordered to settlement for a final time.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court shall correct the June 3, 2024, docket entry to indicate that Supervising Deputy Attorney General R. Lawrence Bragg was present at the settlement conference, not Deputy Attorney General James Mathison. See ECF No. 169;

2. The order directing Plaintiff to show cause why he should not be sanctioned for failure to appear at the June 3, 2024, settlement conference (ECF No. 171) is DISCHARGED, and

3. Under separate order, this case will be ordered to settlement for a final time.

**Plaintiff is cautioned that absent exigent circumstances, any failure on his part to meet court deadlines and/or appear when ordered to do so will result in a recommendation that this matter be dismissed with prejudice.**

IT IS SO ORDERED.

Dated: __**September 4, 2024**__             __/s/ Gary S. Austin__
                                              UNITED STATES MAGISTRATE JUDGE