1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    LARRY SMITH,                          No.  1:17-cv-00436 KES GSA (PC)

12              Plaintiff,                  ORDER DENYING MOTION FOR THE
                                            APPOINTMENT OF COUNSEL
13         v.
                                            (ECF No. 183)
14    J. GONZALES, et al.,

15              Defendants.

16

17         Plaintiff is a state prisoner proceeding pro se in an action brought under 42 U.S.C. § 1983.

18   He has filed a motion for the appointment of counsel.  ECF No. 38.  For the reasons stated below,

19   the motion will be denied.

20         I.    MOTION OF FOR THE APPOINTMENT OF COUNSEL

21         In support of Plaintiff's motion for the appointment of counsel, he states in relevant part,

22   that he is unable to afford an attorney; that his imprisonment will greatly limit his ability to

23   litigate; that he has limited access to the prison law library; that he has limited knowledge of the

24   law; that the appointment of counsel would enable him to better present evidence and cross-

25   examine witnesses, given anticipated conflicting testimony; that he suffers from chronic pain and

26   multiple maladies which affect his memory and his ability to function; that he is prosecuting three

27   active cases in this Court, and that he has mental health issues.  See ECF No. 38 at 1-2.  He also

28   provides a declaration and paperwork in support of his assertions.  Id. at 3-14.

                                            1

1    II.    DISCUSSION

2         A.   Applicable Law

3         District courts lack authority to require counsel to represent indigent prisoners in section

4    1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In exceptional

5    circumstances, the court may request an attorney to voluntarily represent such a plaintiff.  See 28

6    U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v.

7    Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional

8    circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as

9    well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the

10   legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not

11   abuse discretion in declining to appoint counsel).  The burden of demonstrating exceptional

12   circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of

13   legal education and limited law library access, do not establish exceptional circumstances that

14   warrant a request for voluntary assistance of counsel.

15        B.   Analysis

16        Plaintiff's motion must be denied.  None of the reasons he states constitute exceptional

17   circumstances that would warrant the appointment of counsel.  Moreover, the Court notes that

18   Plaintiff has successfully litigated this matter since its filing in 2017, surviving two motions for

19   summary judgment (see ECF Nos. 36, 57, 87, 99) (summary judgment motions and orders

20   adopting).  In addition, Plaintiff has been able to successfully navigate the appeals process.  See

21   ECF Nos. 64, 79, 81 (notice of appeal, order, mandate).  These facts indicate that he has the

22   ability to prosecute his case irrespective of the obstacles he sets forth above.

23        For these reasons, having considered the factors under Palmer, the Court finds that

24   Plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the

25   appointment of counsel at this time.

26        Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for the appointment of

27   counsel (ECF No. 183) is DENIED without prejudice.

28

2

1

2    IT IS SO ORDERED.

3       Dated:   __**November 14, 2024**__              _____**/s/ Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28