1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    LARRY SMITH,                            No.  1:17-cv-00436 KES GSA (PC)

12              Plaintiff,                     ORDER DENYING MOTION FOR THE
                                               APPOINTMENT OF COUNSEL
13         v.

14    J. GONZALES, et al.,

15              Defendants.

16

17         Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil

18    rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States

19    Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

20         Plaintiff has requested the appointment of counsel.  ECF No. 190.  For the reasons stated

21    below, the motion will be denied.

22         I.    MOTION FOR THE APPOINTMENT OF COUNSEL

23         In support of Plaintiff's motion for the appointment of counsel, he states that he has been

24    physically attacked by other inmates for "unprovoked reasons".  ECF No. 190 at 1.  He also states

25    that due to a spinal infection, he has been in pain and has been sent to the hospital.  Id. at 2.

26    Finally, Plaintiff writes that after being attacked, because he refused to sign a compatibility

27    chrono, he has been placed in the restricted housing unit due to safety concerns.  Id.  Plaintiff

28    states he could be there for a month or more, ultimately separated from his property and legal

1

1 | work. Id. He believes that there is also a possibility that he may be transferred to another prison.

2 | Id.

3 |       All these factors, Plaintiff contends, plus his chronic health issues and recent surgeries,

4 | make it difficult for him to move this case forward. ECF No. 190 at 2.

5 |       II.    APPLICABLE LAW

6 |       District courts lack authority to require counsel to represent indigent prisoners in section

7 | 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional

8 | circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28

9 | U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v.

10 | Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional

11 | circumstances" exist, the Court must consider plaintiff's likelihood of success on the merits as

12 | well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the

13 | legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not

14 | abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional

15 | circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as illness,

16 | restricted housing assignments, and safety concerns do not establish exceptional circumstances

17 | that warrant a request for voluntary assistance of counsel.

18 |       III.   DISCUSSION

19 |       The recent attacks on Plaintiff; his placement in restricted housing; his recent surgeries,

20 | and his chronic health issues are very unfortunate. The Court acknowledges that this is likely

21 | quite a difficult time for him. However, as Plaintiff has pointed out, this case has been on the

22 | Court's docket for almost eight years. As a result, it is time for it to be resolved. Also, given that

23 | this matter is at the trial stage of the proceedings (see ECF No. 186) (third scheduling order), it is

24 | clear that Plaintiff has viable claims that have the potential to give him relief.

25 |       Furthermore, throughout this entire time, to his credit, Plaintiff has been able to manage

26 | this case in a satisfactory manner without legal assistance. Plaintiff is very close to having this

27 | matter resolved. Therefore, the Court believes that despite Plaintiff's current circumstances, he

28 | will be able litigate this case to its end.

1

2          For these reasons, having considered the factors under Palmer, the Court does not find the

3   required exceptional circumstances.  As a result, Plaintiff's request for the appointment of counsel

4   will be denied.

5          Accordingly, IT IS HEREBY ORDERED that Plaintiff's request for the appointment of

6   counsel (ECF No. 190) is DENIED.

7

8
    IT IS SO ORDERED.
9

10      Dated:    **February 14, 2025**                        **/s/ Gary S. Austin**
                                                      UNITED STATES MAGISTRATE JUDGE
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28