UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY SMITH,<br><br>           Plaintiff,<br><br>      v.<br><br>J. GONZALES, et al.,<br><br>           Defendants. | No. 1:17-cv-00436 KES GSA (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL<br><br>(ECF No. 197) |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. This case is at the trial phase of the proceedings. See ECF No. 195 (fourth scheduling order (trial)).

Plaintiff has filed a motion for the appointment of counsel. ECF No. 197. For the reasons stated below, the motion will be denied.

I.      MOTION FOR THE APPOINTMENT OF COUNSEL

In support of Plaintiff's motion for the appointment of counsel, Plaintiff asserts in part that: (1) his imprisonment will greatly limit his ability to litigate this case; (2) the issues in this matter have recently become very complex and will require significant research and investigation; (3) he has limited access to the law library and limited knowledge of the law; (4) he has a tenth grade education; (5) he has no assistance from jail house lawyers or interns: (6) the case will

involve conflicting testimony, and (7) he has three other active federal cases, at least one of which, requires that he file a response to a motion for summary judgment, amongst other things. ECF No. 197. Plaintiff further contends that he believes that one of the defense attorneys assigned in one of his cases has intentionally "coordinated these cases together" in an effort to overwhelm him. Id. at 2 (internal quotation marks omitted). Finally, Plaintiff states that he has been held in the restricted housing unit since February of 2025, and he claims that he will be transferred to a different prison any day now. Id.

## II. APPLICABLE LAW

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

## III. DISCUSSION

A review of the docket in this case indicates that Plaintiff may have success with this case on its merits given that viable claims were identified in it some time ago, and the matter has survived summary judgment. See ECF Nos. 52, 57 (findings and recommendations regarding motion for summary judgment; order adopting same in part, respectively). Furthermore, since this case was filed back in 2017, Plaintiff has adequately represented himself without legal representation.

      For these reasons, having considered the factors under Palmer, the Court finds at this time that Plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel. Therefore, the motion will be denied.

      Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for the appointment of counsel (ECF No. 197) is DENIED without prejudice.

IT IS SO ORDERED.

    Dated: __**April 10, 2025**__                __**/s/ Gary S. Austin**__
                                                                    UNITED STATES MAGISTRATE JUDGE