UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY SMITH,<br><br>         Plaintiff,<br><br>    v.<br><br>J. GONZALES, et al.,<br><br>         Defendants. | No. 1:17-cv-00436 KES GSA (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR THE ATTENDANCE OF INCARCERATED WITNESSES<br><br>(ECF No. 198)<br><br>ORDER MODIFYING FOURTH SCHEDULING ORDER (TRIAL)<br><br>(ECF No. 195)<br><br>PLAINTIFF'S SECOND MOTION, FOR THE ATTENDANCE OF INCARCERATED WITNESSES, IF ANY, DUE MAY 5, 2025<br><br>DEFENDANTS' OPPOSITION, IF ANY, DUE MAY 26, 2025 |

    Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. This matter is at the trial phase of the proceedings. See ECF No. 195 (fourth scheduling order (trial)).

    Plaintiff has filed a motion for the attendance of incarcerated witness at trial. ECF No. 198. For the reasons stated below, the motion will be denied without prejudice as incomplete, Plaintiff will be given a second and final opportunity to refile the motion. In addition, the Court

1

will, sua sponte, modify the fourth scheduling order (trial) to provide Plaintiff with additional time to refile the motion so that it complies with the directives in the fourth scheduling order. Finally, the scheduling order will also be modified to permit Defendants sufficient time to respond to Plaintiff's second motion for the attendance of incarcerated witnesses.

## I. MOTION FOR THE ATTENDANCE OF INCARCERATED WITNESS

Plaintiff's motion for the attendance of an incarcerated witness requests that Inmate Lynn Johnson, CDCR No. E-29637, be brought to court at the time of trial. ECF No. 198 at 1. Plaintiff appears to contend that Inmate Johnson's testimony is necessary because it will state that Defendant Johnson did the same sort of "take down" on Inmate Johnson that he did on Plaintiff, thereby demonstrating that the improper "take down" that Defendant Johnson did on Plaintiff was one that Defendant Johnson did on a regular basis. See generally ECF No. 198.

## II. DISCUSSION

Plaintiff's motion requesting Inmate Johnson's attendance at trial must be denied on its face primarily as it fails to comply with the guidelines provided in the fourth scheduling order (trial) regarding the format of such a motion. Specifically, the motion fails to provide all the information needed for the Court to consider his request. The fourth scheduling order clearly states that the Court will not issue such an order directing trial attendance of an incarcerated witness unless it is satisfied that the witness is willing to attend and the witness has actual knowledge of relevant facts. See ECF No. 195 at 9-10 (underline added). Specifically, the order states that a motion which requests the attendance of an incarcerated witness must, when concurrently filed with the pretrial statement, (1) state the name, address, and prison or state hospital identification number of each witness, and (2) be accompanied by declarations showing that each witness is willing to testify and that each witness has actual knowledge of relevant facts.

Plaintiff's motion does not provide the address of prospective witness Inmate Johnson, nor does it include a declaration from Inmate Johnson which states that he is willing to testify at Plaintiff's trial. See ECF No. 195 at 10 (motion requirements). In addition, Plaintiff has not provided sufficient information about Inmate Johnson to indicate that he has actual knowledge of relevant facts about Plaintiff's case. See id. Plaintiff needs to provide more of a clear statement

and/or supporting facts which explain precisely what is alleged to have happened between Defendant Johnson and Inmate Johnson which makes what happened to inmate Johnson relevant to this case.

For these reasons, Plaintiff's motion for the attendance of incarcerated witness will be denied without prejudice as incomplete. Plaintiff will, however, be given a second opportunity to file the motion and correct the errors in it. In addition, Defendants will be given twenty-one days thereafter to file any opposition to it. Consistent with these date changes, other related dates in the scheduling order will be adjusted accordingly.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the attendance of incarcerated witness, Inmate Lynn Johnson, (ECF No. 198), is DENIED without prejudice as INCOMPLETE;

2. The fourth scheduling order (trial) (ECF No. 195) is hereby MODIFIED sua sponte as follows:

   a. Plaintiff's due date for his second motion for the attendance of incarcerated witnesses and his notification to the Court of the names and locations of all his witnesses is changed from April 14, 2025, to May 5, 2025, and

   b. Defendants' oppositions, if any, to Plaintiff's second motion for the attendance of incarcerated witnesses is changed from May 14, 2025, to May 26, 2025;

   c. Plaintiff's due date to submit money orders to the Court for any unincarcerated witnesses who refuse to testify voluntarily – if any – is changed from May 14, 2025, to May 26, 2025;

   d. Defendants' due date to file their pretrial statement is changed from May 14, 2025, to May 26, 2025;

**All other dates and times in the fourth amended discovery and scheduling order (trial) are to remain in full force and effect.**

IT IS SO ORDERED.

Dated:   **April 10, 2025**                       /s/ Gary S. Austin

1 UNITED STATES MAGISTRATE JUDGE
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28