UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY SMITH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>J. GONZALES, et al.,<br><br>　　　　Defendants. | No. 1:17-cv-00436 KES GSA (PC)<br><br>ORDER DENYING MOTION FOR THE APPOINTMENT OF COUNSEL<br><br>(ECF No. 199) |

　　　Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. This case is at the trial phase of the proceedings. See ECF No. 195 (fourth scheduling order (trial)).

　　　Plaintiff has filed a motion for the appointment of counsel. ECF No. 199. For the reasons stated below, the motion will be denied.

I.　　MOTION FOR THE APPOINTMENT OF COUNSEL

　　　In support of the motion for the appointment of counsel, Plaintiff ultimately states that on April 4, 2025, he was told by a doctor that he is going to be sent to an outside hospital for treatment. ECF No. 199. He further states that he does not know how long his treatment will take, but that he will keep the Court informed. Id. As a result, Plaintiff request that the Court appoint him counsel who can represent him in any upcoming court dates. Id.

1

This is the second motion for the appointment of counsel that has been docketed by Plaintiff in the past two days. See ECF No. 197 (previous motion to appoint counsel, docketed 4/9/25).

## II. APPLICABLE LAW

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

## III. DISCUSSION

### A. Motion for the Appointment of Counsel

As stated in the Court's order issued on April 11, 2025 (see ECF No. 200), which denied Plaintiff's last motion for the appointment of counsel, docketed April 9, 2025 (see ECF No. 197), the proceedings to date in this matter indicate that Plaintiff may have success with this case on its merits given that viable claims were identified in it some time ago, and it has survived summary judgment. See ECF Nos. 52, 57 (findings and recommendations regarding motion for summary judgment; order adopting same in part, respectively). Furthermore, since this case was filed back in 2017, Plaintiff has adequately represented himself without legal representation.

Finally, Plaintiff's possible transport to a different facility for treatment of an illness does not warrant the appointment of counsel. At this stage of the proceedings, Plaintiff should have little need – if any – for access to the law library. Plaintiff has already filed his pretrial statement. See ECF No. 196. Therefore, prior to the pretrial hearing and trial, all Plaintiff has left to do is

file a proper motion for the attendance of witnesses and submit applicable money orders related to their costs.  Arguably, Plaintiff can quickly do those things before he is transported elsewhere for medical care--he does not need counsel appointed to have those tasks done for him.  For these reasons, Plaintiff has failed to meet his burden of demonstrating exceptional circumstances that warrant the appointment of counsel.  Therefore, the motion will be denied.

### B.  Plaintiff's Choice to Refuse Treatment

Of equal importance in Plaintiff's motion for the appointment of counsel, is the following. The Court notes in the motion that Plaintiff states that since January 15, 2025, he has been refusing the antibiotics used to treat his spinal bacterial infection, ones which he states he is required to take twice a day for the rest of his life.  ECF No. 199.  Plaintiff states that he is doing this in order to protest the claimed inadequate medical care that he has been receiving at the R.J. Donovan Correctional Facility.  See id.

It is undisputed that Plaintiff has a right to protest his alleged inadequate medical care, in so doing however, Plaintiff is herein informed that should his voluntary choice not to take any medically prescribed and required medication, if done so without good reason, somehow prevents him from participating in the pretrial and trial proceedings of this case, given the history of delays in these proceedings as well as the fact that a significant amount of court resources have gone into setting and preparing this case for trial, absent a showing of good cause, the current pretrial and trial dates will not be disturbed and his failure to participate in them as required will likely result in a recommendation that this case be dismissal with prejudice.

Finally, given that Plaintiff has had advance notice that he may be sent to receive treatment at another facility in the near future, **it is highly recommended that Plaintiff prepare, serve, and file any motions and papers that have been identified in the fourth scheduling order (trial) (see ECF No. 195) before he is moved for treatment and/or he has no access to his legal materials or to a prison law library.**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for the appointment of counsel (ECF No. 199) is DENIED without prejudice.

3

IT IS SO ORDERED.

Dated: **April 11, 2025**          **/s/ Gary S. Austin**
                                   UNITED STATES MAGISTRATE JUDGE